Gaines LASHLEY and Gaines Lashley as next of friend for Ronald Gaines Lashley, a minor, et al., Plaintiffs-Appellants,

v.

.FORD MOTOR COMPANY and Richardson Ford Company, Defendants-Appellees.

No. 75–2747.

United States Court of Appeals, Fifth Circuit.

Sept. 8, 1975.

G. Gerald Kunes, Tifton, Ga., for plaintiffs-appellants.

Glenn Whitley, Tifton, Ga., for Richardson Ford Co.

F. Thomas Young, Valdosta, Ga., for Ford Motor Co.

Before COLEMAN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Under Rule 4(a), Fed.R.App.P., a notice of appeal from a judgment of a district court must be filed with the clerk of the district court within 30 days of the date of the entry of the judgment. Filing of a timely notice of appeal is jurisdictional—"unless an appeal is timely taken the reviewing court lacks jurisdiction to hear it." 9 Moore's Federal Practice ¶ 204.02[1], at 906 (1973) and cases cited. The question before us in this case on appellee's motion to dismiss the appeal is whether the notice of appeal was timely filed. We conclude it was not, but remand for a determination of whether there was excusable neglect.

On April 24, 1975, the district court entered judgment in favor of appellees. The time prescribed for taking an appeal begins to run on the day following the date of entry of judgment. Fed.R.App.P. 4(a). The thirtieth day from April 25 was May 25, but since that day was a Sunday, and since May 26 was Memorial Day, the last day for timely filing the notice of appeal was May 27. See Fed.R.Civ.P. 6(a). Appellant mailed his notice of appeal on May 28, and it was received in the clerk's office on May 29 or May 30. Although the filing was not duly accomplished until the notice was actually received by the clerk, see Fed.R.App.P. 25(a), the clerk stamped on the notice of appeal that it was received on May 28 rather than the actual date of receipt. This was done at the telephoned request of counsel for appellants. Counsel contends that the notice of appeal was timely filed, even though filed after May 27, because he was entitled to an additional three days in which to file the notice of appeal since he was informed of the court's entry of judgment by mail. Counsel relies on Fed.R.Civ.P. 6(b) and Fed.R.App.P. 26(c) for the proposition that he was entitled to three additional days. We disagree. The 30-day requirement of Fed.R.App.P. 4(a) is not affected by Fed.R.Civ.P. 6(e); since the appeal time starts from the entry of the judgment and not from service of the notice, Rule 6(e) does not apply so as to enlarge the time allowed for filing the notice of appeal. *Sonnenblick-Goldman Corp. v. Nowalk*, 3 Cir., 1970, 420 F.2d 858, 860; 2 Moore's Federal Practice ¶ 6.12, at 1500.209 (1974). Since the court of appeals has no jurisdiction over a case until a notice of appeal is timely filed, Fed.R.App.P. 26(c) has no application to the 30-day requirement. *See also* Fed.R.App.P. 26(b), which specifically states that the court of appeals may not enlarge the time for filing the notice of appeal.

In sum, appellant is not entitled to additional time beyond the 30 days in which the notice of appeal must be filed, whether under Fed.R.Civ.P. 6(e) or Fed.R.App.P. 26(c). The notice of appeal not being timely filed, this court has no jurisdiction over the appeal. However, we remand the case to the district court to allow appellant 30 days in which to move for a determination whether under Fed.R.App.P. 4(a) excusable neglect entitles appellant to an extension of time for filing the notice of appeal. *See Cramer v. Wise*, 5 Cir., 1974, 494 F.2d 1185; *Evans v. Jones*, 4 Cir., 1966, 366 F.2d 772.

Remanded for further proceedings.