Jessie WELSH, Plaintiff-Appellee Cross-Appellant,

v.

ELEVATING BOATS, INC., Defendant-Appellant Cross-Appellee,

v.

LIBERTY MUTUAL INSURANCE CO., Intervenor-Appellee.

No. 81–3434.

United States Court of Appeals, Fifth Circuit.

Feb. 14, 1983.

Roy A. Raspanti, New Orleans, La., for defendant-appellant cross-appellee.

Robert Layne Royer, Baton Rouge, La., Joseph J. Weigand, Jr., Houma, La., for Welsh.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John O. Charrier, Jr., New Orleans, La., for intervenor-appellee.

## ON PETITION FOR REHEARING

(Unpublished Opinion, December 27, 1982)

Before RUBIN, JOHNSON and GARWOOD, Circuit Judges.

GARWOOD, Circuit Judge:

In our prior unpublished opinion, 5th Cir., 696 F.2d 994, in this maritime personal injury action, we affirmed the judgment in plaintiff-appellee Welsh's favor but dismissed as untimely his cross-appeal in which he asserted that the district court, to which the case was tried without a jury, had erred in not taking inflation into account when awarding him damages. According to Fed. R.App.P. 4(a)(3), once a timely notice of appeal is filed by one party, "any other party may file a notice of appeal within 14 days after the date on which the first notice of appeal was filed...." Judgment was entered on June 30, 1981 and defendant-appellant Elevating Boats, Inc. filed its timely notice of appeal on July 21, 1981. Because Welsh did not file his notice of appeal until August 6, sixteen instead of fourteen days after Elevating Boats filed its notice of appeal, we dismissed Welsh's cross-appeal as untimely.

In his petition for rehearing, Welsh contends that his notice of appeal was timely filed because Fed.R.Civ.P. 6(e) and Fed.R. App.P. 26(c) granted him three extra days in which to file it. Finding that those Rules gave Welsh no extension, we deny his petition for rehearing.[1]

Welsh correctly states that Fed.R.App.P. 3(d) requires the clerk of the district court to mail a copy of the notice of appeal to counsel of record for each party.[2] The clerk did so in this case, and Welsh received from the clerk a copy of Elevating Boats, Inc.'s notice of appeal on July 24. Laying out Fed.R.App.P. 26(c), which states, "Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, 3 days shall be added to the prescribed period," Welsh alleges that the Rule extended his time to file his notice of appeal by three days.[3]

A strict comparison of the literal wording of Fed.R.App.P. 26(c) and 4(a)(3) shows that 26(c) grants no extension to one filing a notice of appeal. Rule 26(c) gives a party three extra days to perform an act when the act is to take place *"within a prescribed period after service of a paper upon him ...."* (emphasis added). Rule 4(a)(3), however, does not require that a party file a cross-appeal within 14 days after service on him of notice of filing of the original notice of appeal. Instead, Rule 4(a)(3) requires the cross-appellant to file his notice *"within 14 days after the date on which the first notice of appeal was filed...."* (emphasis added).

1. Elevating Boats, Inc. has not filed a petition for rehearing.

2. Specifically, Rule 3(d) states: "The clerk of the district court shall serve notice of the filing of a notice of appeal by mailing a copy thereof to counsel of record of each party...."

3. Welsh also cites Fed.R.Civ.P. 6(e), which is essentially the same rule, worded slightly differently:
   "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon him and the notice or paper is served by mail, 3 days shall be added to the prescribed period." Because we are concerned with the timing in an appellate proceeding rather than at the district level, we decide this case on the basis of Fed.R.App.P. 26(c). *Compare* Fed.R.Civ.P. 1 ("These rules govern the procedure in the United States district courts in all suits of a civil nature....") with Fed.R.App.P. 1 ("These rules govern procedure in appeals to United States courts of appeals from the United States district courts...."). However, we believe that the same result obtains whether the governing rule is Fed.R.App.P. 26(c) or Fed.R.Civ.P. 6(e).

This Court has held that Fed.R.App.P. 26(c) and Fed.R.Civ.P. 6(e) do not extend a party's time to file a notice of appeal[4] when that party has received notice of the entry of the district court's judgment in the mail. *Reynolds v. Hunt Oil Co.,* 643 F.2d 1042, 1043 (5th Cir.1981); *Lashley v. Ford Motor Co.,* 518 F.2d 749 (5th Cir.1975).[5] *See also Clements v. Florida East Coast Railway Company,* 473 F.2d 668 (5th Cir.1973) (holding that although party received order in the mail, Fed.R.Civ.P. 6(e) did not extend party's time to comply with order which required party to pay costs *"within ninety days from the date hereof. . . ."*). The Court in those cases determined that the language of Fed.R.App.P. 26(c) and Fed.R.Civ.P. 6(e) does not apply because the period within which an appealing party must file runs from "the entry of the judgment" and not from the service of the notice of the entry. The rationale is equally applicable to a party who is filing a cross-appeal, since the Rules state that the fourteen day period in which the cross-appeal must be filed runs from "the date on which the first notice of appeal was filed" rather than from the service of the notice.[6] Accordingly, we hold that Fed.R.App.P. 26(c) did not extend the time in which Welsh had to file his notice of appeal. His cross-appeal was correctly dismissed as untimely.

Accordingly, Welsh's petition for rehearing is

DENIED.

---

4. *See* Fed.R.App.P. 4(a)(1). These cases concerned the filing of an original notice of appeal rather than a cross-appeal.

5. We note that although Fed.R.App.P. 4(a)(5) allows the trial court, on motion, to grant an extension of the time to file a notice of appeal for "excusable neglect or good cause," since the 1979 amendment this is only authorized if the motion is filed not later than 30 days after the expiration of the time within which the notice of appeal was required to be filed. Hence, we do not remand as we did in *Lashley;* nor can we ourselves extend the time in these circumstances. *See Reynolds.*

6. Our construction of Fed.R.Civ.P. 6(e) and Fed.R.App.P. 26(c) does not leave those rules meaningless, as they apply to the many instances in which the federal rules *do* provide that a party must act within a prescribed period after a notice or paper is served on him. *See, e.g.,* Fed.R.App.P. 27 (filing responses in opposition to motions); Fed.R.App.P. 31 (filing appellee's brief and appellant's reply brief); Fed.R.Civ.P. 12 (serving defendant's answer); Fed.R.Civ.P. 33 (serving answers to interrogatories); Fed.R.Civ.P. 36 (serving answers to requests for admission).