798 F.2d 469
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen R. JENKINS, Plaintiff-Appellant,
v.
Nevin C. TRAMMELL, Jr., Gretchen Faulstich, and Jerry
McClain, Defendants-Appellees.
 No. 86-5329.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1986.
 
 Before MARTIN, GUY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of appellant's response to this Court's order to show cause as to why the appeal should not be dismissed for lack of jurisdiction because of a late filed notice of appeal.
 
 
 2
 It appears from the record that judgment was entered on January 24, 1986, and that the motion to reconsider served on February 3, tolled the running of the appeals period. Rule 4(a), Federal Rules of Appellate Procedure; Rule 59(e), Federal Rules of Civil Procedure; Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir. 1984); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979); Peabody Coal Co. v. Local Union Nos. 1734, 1508 and 1548, UMW, 484 F.2d 78, 85 (6th Cir. 1973), cert. denied, 430 U.S. 940 (1977). The appeals time began to run anew on February 12, when the order was entered that denied the motion to reconsider. The notice of appeal filed on March 17, 1986, was three days late. Neither Rule 26(c), Federal Rules of Appellate Procedure, nor Rule 6(e), Federal Rules of Civil Procedure, extend the appeals period by three days. Welsh v. Elevatin Boats, Inc., 698 F.2d 230, 232 (5th Cir. 1983); Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed. Cir. 1983); Lashley v. Ford Motor Company, 518 F.2d 749 (5th Cir. 1975).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir. 1985); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983).
 
 
 4
 It is ORDERED that the appeal be and it hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.