803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOSEPH D. HILL, Plaintiff-Appellant
v.
RAYMOND CAPOTS, ET AL., (TO INCLUDE OTHER MEMBERS OF OHIO
ADULT PAROLE AUTHORITY), Defendants-Appellees.
 No. 86-3221.
 United States Court of Appeals, Sixth Circuit.
 Sept. 17, 1986.
 
 1
 BEFORE: JONES and MILBURN, Circuit Judges; and CONTIE, Senior Circuit Judge
 
 ORDER
 
 2
 This matter is before the Court upon consideration of the appellant's response to this Court's show cause order. The appellees have filed a motion to dismiss to which appellant has not responded.
 
 
 3
 It appears from the record that the judgment was entered January 9, 1986. The timely filed motion to reconsider was denied on February 3, 1986. The notice of appeal filed on March 7, 1986, was two days late. Rules 4(a) and 26(a), Federal Rules of Appellate Procedure.
 
 
 4
 In appellant's response to the show cause order, he asserts that his notice of appeal was timely filed because three days for mailing should be added to the appeals period pursuant to Rule 6(e), Federal Rules of Civil Procedure, and Rule 26(c), Federal Rules of Appellate Procedure. However, an additional three days for mailing is only allowed when the time for performing an act is to be computed from the service date of a document rather than the date of entry. It has no application when computing time for filing a notice of appeal. Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed. Cir. 1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230 (5th Cir. 1983); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach, 525 F.2d 1179 (8th Cir. 1975); Lashley v. Ford Motor Co., 518 F.2d 749 (5th Cir. 1975).
 
 
 5
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Rule 4(a), Federal Rules of Appellate Procedure, is a mandatory and jurisdictional prerequisite which this Court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir. 1983). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 6
 The Ohio Attorney General's Office has filed a motion to dismiss the appeal for lack of jurisdiction as permitted by Rule 8(a), Rules of the Sixth Circuit. The motion to dismiss was prepared after the Attorney General's Office received and reviewed this Court's show cause order. The filing of such a superfluous motion on the same jurisdictional problem addressed by this Court's order burdens the Court with unnecessary documents and impedes the prompt disposition of appeals. However, in addition to the motion to dismiss addressing the matter of a late filed notice of appeal, it is also asserted that this Court did not have jurisdiction to enter a show cause order. This Court is well aware that it cannot waive a jurisdictional defect, but it does have authority to raise such a jurisdictional issue sua sponte at any point in the proceedings. Ambrose v. Welch, 729 F.2d 1084 (6th Cir. 1984). The show cause order procedure of this Court is merely a method by which this Court raises some jurisdictional issues and allows the appellant an opportunity to show instances of detrimental reliance on a court's action, or court errors which may save the appeal.
 
 
 7
 It is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(d)(1), Rules of the Sixth Circuit.