848 F.2d 190
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gene T. FAVORS, Plaintiff-Appellant,
v.
Theodore KOEHLER, Warden; V. Crawford; T. Petrocik;
Michigan Department of Corrections, Defendants-Appellees.
 No. 88-1216.
 United States Court of Appeals, Sixth Circuit.
 May 20, 1988.
 
 Before NATHANIEL R. JONES, WELLFORD and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's response to this court's March 17, 1988, order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant's response states that he filed a change of address with the court and defendants on July 22, 1986, that he requested a nine month extension from the district court on September 8, 1987, and that this case was confused with another of his cases pending before the district court.
 
 
 2
 It appears from the record that the final order was entered October 16, 1987. The notice of appeal filed on February 22, 1988 was 98 days late. Fed.R.App.P. 4(a) and 26(a). Although appellant filed a change of address with the district court on July 22, 1986, appellant does not purport to have failed to receive notice of the final entry of judgment. Moreover, Fed.R.Civ.P. 77(d) states in part that "Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed, except as permitted in Rule 4(a) of the Federal Rules Appellate Procedure." The time for filing a notice of appeal begins to run from the date of entry of judgment, not its receipt. Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir.1975).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.