849 F.2d 609
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Levert K. GRIFFIN, Plaintiff-Appellant,
v.
Thomas STUTLER; David Troutman, Sheriff's Deputy,
Defendants-Appellees.
 No. 88-3021.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1988.
 
 1
 Before MILBURN, RALPH B. GUY, Jr. and ALAN E. NORRIS; Circuit Judges.
 
 ORDER
 
 2
 This matter is before the court upon consideration of the appellant's response to this court's order directing him to show cause why his appeal should not be dismissed for lack of jurisdiction. Appellant states that he received the judgment five days after it was entered. He also states that Fed.R.App.P. 26 provides that in computing time periods that weekends and holidays are excluded from the computation and the three days are added for service by mail.
 
 
 3
 It appears from the record that the final order denying the Fed.R.Civ.P. 60(b) motion for relief from judgment was entered December 2, 1987. The notice of appeal filed on January 6, 1988, was two days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). The time for filing a notice of appeal runs from the date of entry of judgment, not its receipt. Pryor v. Marshall, 711 F.2d 63 (6th Cir.1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230 (5th Cir.1983).
 
 
 5
 The application of Fed.R.App.P. 26 to the appeals period provided by Fed.R.App.P. 4(a) does not cure the jurisdictional defect. Weekends and holidays are excluded in the computation of a time period when the time prescribed is less than 7 days. Fed.R.App.P. 26(a). The appeals period prescribed by Fed.R.App.P. 4(a) is 30 days; therefore, weekends and holidays are not eliminated in the computation. Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. Rule 26(c) does not enlarge the appeals period by three days because the appeals period of Fed.R.App.P. 4(a) runs from the entry, not service, of the final order or judgment. Sofarelli Assocs., Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230 (5th Cir.1983).
 
 
 6
 Accordingly, it is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.