872 F.2d 1028
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald Eugene PRESLEY, Plaintiff-Appellant,
v.
William SEABOLD, Byron A. Jasis, L. Wynn, Officer, C. Ramey,
Lt., W. Sewell, Sgt., Tommy Barnes, Lt.,
Defendants-Appellees.
 No. 89-5140.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1989.
 
 Before MERRITT and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of appellant's response to this court's order of February 15, 1989, directing him to show cause as to why the appeal should not be dismissed for lack of jurisdiction. Appellees now move to dismiss the appeal for the same reason.
 
 
 2
 Review of the record indicates that the district court entered its final judgment dismissing appellant's civil rights action on December 30, 1988. Appellant, however, did not file a notice of appeal until February 1, 1989. Moreover, during that period appellant filed no motions which would have tolled the time for filing a notice of appeal under Fed.R.App.P. 4(a)(4). Nor did he seek an extension of time from the district court for taking such an action pursuant to Fed.R.App.P. 4(a)(5). Accordingly, the notice of appeal was two days late.
 
 
 3
 An appellant's failure to file a timely notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory, jurisdictional prerequisite which this court can neither waive nor extend. Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 n. 5 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 In response to this court's order of February 15, 1989, appellant contends that he filed the notice of appeal in conformity with those rules due to the operation of Fed.R.App.P. 26(b) and Fed.R.Civ.P. 6(e). In particular, he maintains that under the former rule, he was permitted two additional days to file a notice of appeal due to the occurrence of two federal holidays during the thirty day period following the district court's entry of judgment. Moreover, he argues that the fact that he received the final judgment through the mails provided him with an additional three days to file the notice of appeal under Fed.R.Civ.P. 6(e). Both rules, however, are facially incapable of rendering appellant's notice of appeal timely. See also Welsh v. Elevating Boats, Inc., 698 F.2d 230, 232 (5th Cir.1983).
 
 
 5
 Accordingly, it is ORDERED that the motion to dismiss be granted and the appeal be and hereby is dismissed for want of jurisdiction. Rule 8, Rules of the Sixth Circuit.