911 F.2d 734
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy Ray WALLS, Jr., Plaintiff-Appellant,
v.
George M. MCCLURE, III, Boyle County Attorney, Sherman
Camden, Boyle County Jailor, Johnny Harlow, Boyle
County Deputy Jailor, Tom Mills, Tom
Duffy, Defendants-Appellees.
 No. 90-5624.
 United States Court of Appeals, Sixth Circuit.
 Aug. 22, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellees' motions to dismiss the appeal on the basis of a late notice of appeal. The appellant has filed objections in which he states that Fed.R.App.P. 26(c) allows him an additional three days for mailing in addition to the thirty day appeal period of Fed.R.App.P. 4(a).
 
 
 2
 A review of the documents before the court indicates that the judgment of the district court was entered March 26, 1990. The notice of appeal filed April 27, 1990, was two days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First National Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 A careful reading of the relevant procedural rules reveals that a would-be appellant is not entitled to an extra three days for filing a notice of appeal. It is true that the rules grant an additional three days in certain cases in which "a party is required ... to do an act within a prescribed period after service of a paper upon that party ..." Fed.R.App.P. 26(c) (emphasis added). However, the jurisdictional notice provision requires that a notice of appeal be filed "within 30 days after the date of entry of the judgment ... appealed from." Fed.R.App.P. 4(a) (emphasis added). Because Rule 4 requires counting from the date of entry of judgment, not from the service of notice of such entry, the additional time provision of Fed.R.App.P. 26(c) is inapplicable. Sofarelli Assocs. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230, 232 (5th Cir.1983).
 
 
 5
 It is ORDERED that the motions to dismiss be granted and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 8, Rules of the Sixth Circuit.