29 F.3d 632
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sherry JACKSON, Plaintiff-Appellant,
v.
Joy MORO; Mary Moro; Debbie Fitzgerald; Frances Shaw;
Glendale Community College Directors, Defendants-Appellees.
 No. 93-56436.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 6, 1994.*
Decided June 16, 1994.
 
 Before: TANG, PREGERSON, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sherry Jackson appeals pro se the district court's dismissal of her 42 U.S.C. Sec. 1983 civil rights action. We are required to raise issues concerning our jurisdiction sua sponte.[1] McGuckin v. Smith, 974 F.2d 1050, 1052 (9th Cir.1992). Pursuant to Fed.R.App.P. 4(a), a party must file a notice of appeal within thirty days of the district court's entry of judgment. The time limits set forth in Rule 4 are strictly construed with no exceptions for pro se litigants. Malone v. Avenenti, 850 F.2d 569, 572 (9th Cir.1988).
 
 
 3
 In this case, the district court's judgment was entered on August 26, 1993. The thirtieth day fell on Saturday, September 25, 1993. Accordingly, the last day to file a notice of appeal was Monday, September 27, 1993. See Fed.R.App.P. 26(a). Jackson filed her notice of appeal on September 28, 1993.
 
 
 4
 Jackson contends that under Fed.R.Civ.P. 6(e) and Fed.R.App.P. 26(c) she was entitled to an additional three days to serve her notice of appeal by mail. We disagree. The thirty-day requirement in Rule 4(a) commences with the entry of judgment and not with the "service" of the judgment. See Lashley v. Ford Motor Co., 518 F.2d 749, 750 (5th Cir.1975). Further, the notice of appeal must be filed in the district court, not deposited in the mail within the jurisdictional time limit. See Fed.R.App.P. 4(a)(1); Houston v. Lack, 487 U.S. 266, 266-67 (1988) (receipt by the clerk constitutes filing). Thus, because the notice of appeal was not timely filed, this court lacks jurisdiction. See Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264 (1978).
 
 
 5
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The panel considering an appeal on the merits has an independent duty to decide whether this court has jurisdiction. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). Accordingly, this court's March 24, 1994 order discharging the order to show cause is not binding on this panel