64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond C. HUNTER, Plaintiff-Appellant,
v.
Dr. James McWEENEY, Defendant-Appellee.
 No. 95-3580.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1995.
 
 S.D.Ohio, No. 93-00194; Carl B. Rubin, District Judge.
 S.D.Ohio
 DISMISSED.
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellee's motion to dismiss, the response to the motion by the appellant and the response of the appellant to this court's June 15, 1995, order. The June 15 order directed the appellant to show cause why his appeal should not be dismissed for lack of jurisdiction on the basis of a late notice of appeal. Appellant responded stating that after he received the magistrate judge's report and recommendation he filed objections to the report and recommendation in the form of a motion to review or, in the alternative, to reconsider the matter if the court had already entered its decision. At the time he mailed his motion to review, the district court had already dismissed his appeal. Appellant argues that his objections to the magistrate judge's report and recommendation were filed within the 10 day objection period, that the notice of appeal was filed within the appeal period because he mailed it 28 days after he received the judgment, that his motion to review was a Fed. R. Civ. P. 59(e) time-tolling motion, and that he did not receive a judgment denying his objections to the report and recommendation. He also cites to Fed. R. App. P. 4(c) which provides that a notice of appeal filed by a pro se prisoner be deemed filed on the day it is deposited in the prison mail system as shown by a notarized statement or declaration.
 
 
 2
 It appears from the documents before the court that the judgment was entered March 24, 1995. Appellant mailed a motion to review on March 23, 1995, apparently objecting to the February 22, 1995, magistrate's report and recommendation and seeking reconsideration if the district court had already entered a decision. The motion was mailed 29 days after entry of the report and recommendation. Although appellant argues that the motion should be treated as a time-tolling motion, it is difficult to seek reconsideration of a decision of which the appellant had no knowledge. The motion was denied by the district court on April 7, 1995. Even if such motion tolled the appeal period, the notice of appeal filed on May 16, 1995, was late. Fed. R. App. P. 4(a) and 26(a).
 
 
 3
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed. R. App. P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir. 1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir. 1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir. 1985); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir. 1983).
 
 
 4
 The arguments made by the appellant do not resolve the jurisdictional problem in this appeal. The time for filing the notice of appeal ran from the entry of the judgment, not appellant's receipt of the judgment. See Fed. R. App. P. 4(a); Reid v. White Motor Corp., 886 F.2d 1462, 1465-66 (6th Cir. 1989), cert. denied, 494 U.S. 1080 (1990). Appellant is correct that a notice of appeal filed by a pro se prisoner is deemed filed on the date it is given to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 272-73 (1988); Fallen v. United States, 378 U.S. 139, 144 (1964). However, appellant failed to comply with Fed. R. App. P. 4(c) in that he did not provide a notarized statement or declaration in compliance with 28 U.S.C. Sec. 1746 setting forth the date of deposit of the notice of appeal in the mail and stating that first-class postage had been prepaid. Moreover, the notice of appeal was allegedly placed in the prison mail on May 12, 1995, which was more than thirty days after the entry of the judgment on March 24, 1995, and more than thirty days after the entry of the April 7, 1995, order denying reconsideration. In addition, Fed. R. App. P. 26(c) does not extend the appeal period. See Cyrak v. Lemon, 919 F.2d 320, 323 (5th Cir. 1990); Sofarelli Assocs., Inc. v. United States, 716 F.2d 1395, 1396 (Fed. Cir. 1983); Welsh v. Elevating Boats, Inc., 698 F.2d 230, 232 (5th Cir. 1983). Fed. R. App. P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 Accordingly, it is ORDERED that the appeal be, and it hereby is, dismissed for lack of jurisdiction.