[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-15281
Non-Argument Calendar

_____

D. C. Docket No. 05-00167-CV-RLV-4

HOWARD GREGORY CORDELL,

Plaintiff-Counter
Defendant-Appellant,

ALYSSA HARRELL CORDELL,
Individually and as parent
of Lucas Gregory Cordell, a minor,

Plaintiff-Appellant,

versus

PACIFIC INDEMNITY COMPANY,
CHUBB & SON,
a division of Federal Insurance Company,

Defendants-Counter
Claimants-Appellees

JOHN DOES A THROUGH F,

Defendant-Appellee,

CHUBB CORPORATION, et al.,

Defendants.

Appeal from the United States District Court
for the Northern District of Georgia

(July 7, 2009)

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Howard Cordell, Alyssa Cordell, and Lucas Cordell (collectively, "Cordells") appeal *pro se* the district court's denial of their motion for an extension of time to file an appeal, arguing that they had thirty-three days (not thirty days) to file an appeal and, alternatively, if they had only thirty days, they demonstrated excusable neglect and good cause.

**I.**

Howard Cordell filed a complaint against Pacific Indemnity Company ("Pacific"), Chubb Corporation, and Chubb & Son, Inc., alleging breach of contract, bad faith, and intentional infliction of emotional distress, all arising from the denial of insurance coverage.[1]  In response, Pacific filed counterclaims seeking reimbursement for advanced payments made to Howard Cordell in connection with

---

[1] Howard Cordell subsequently added his wife (Alyssa Cordell) and son (Lucas Cordell) as plaintiffs.

the insurance claim. The district court dismissed the complaint against Chubb Corporation and Chubb & Son and dismissed the intentional infliction of emotional distress claim against all defendants. Following a trial in which the jury found in favor of the Appellees, the district court entered judgment on May 13, 2008.

Thirty-three days after the district court entered judgment, on June 16, 2008, the Cordells filed a notice of appeal and a motion to proceed *in forma pauperis*, the latter of which the district court denied. On June 30, 2008, in response to their notice of appeal, Pacific filed a motion to dismiss the Cordells' appeal with us. On July 14, 2008, the Cordells responded to Pacific's motion to dismiss and they also filed a motion for extension of time to file an appeal before the district court, the subject of the instant appeal. On August 13, 2008, the district court denied the Cordells' motion for an extension of time to appeal. On September 9, 2008, we *sua sponte* dismissed the Cordells' appeal for lack of jurisdiction, reasoning that the Cordells' June 16, 2008 notice of appeal was untimely.[2] *See Cordell v. Pac. Indem. Co.*, No. 08-13545, slip op. at 2 (11th Cir. Sept. 9, 2008). On September 11, 2008, the Cordells filed a timely appeal from the district court's denial of extension of time to appeal and also filed a motion to proceed *in forma pauperis*. On December 5, 2008, we denied the motion to proceed *in forma pauperis*,

---

[2] We also denied as moot Pacific's motion to dismiss.

explaining that while the Cordells were indigent, their appeal was frivolous. *See Cordell v. Pac. Indem. Co.*, No. 08-15281, slip op. at 1-3 (11th Cir. Dec. 5, 2008). The Cordells subsequently paid the requisite fees and this appeal followed.

## II.

The Cordells present essentially two arguments on appeal. First, they argue that a combined reading of a variety of rules gave them thirty-three days within which to appeal. Specifically, the Cordells rely upon a three-day mail extension pursuant to Local Rules 6.1(A) and (B) for the United States District for the Northern District of Georgia as well as Federal Rules of Civil Procedure 6(a) and (e).[3] They further point to Federal Rule of Appellate Procedure 26, which provides for a three-day mail extension. The Cordells also note that Federal Rule of Appellate Procedure 8 and Eleventh Circuit Rules 8-2 and 27-2 are the only appellate rules that clearly disallow additional time for mailing. They contend that Federal Rule of Appellate Procedure 4 and Eleventh Circuit Rule 8-2 are "parallel" because they both require a specific time to file documents, but only the latter explicitly prohibits the three-day mail extension. Thus, the Cordells argue, the three-day extension applies equally to Federal Rule of Appellate Procedure 4. Second, the Cordells argue that, even if they had only thirty days within which to

---

[3] The Cordells refer to Federal Rule of Civil Procedure 6(e), which has been deleted and is now listed as Federal Rule of Civil Procedure 6(d).

appeal, they have demonstrated excusable neglect and/or good cause.

## III.

We review the district court's denial of a request to extend the time to file an appeal for abuse of discretion. *See Advance Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1324-25 (11th Cir. 1996) (per curiam) (applying the "excusable neglect" standard to excuse untimely notices of appeal in criminal cases to a civil context). "[T]he abuse of discretion standard of review recognizes that for the matter in question there is a range of choice for the district court and so long as its decision does not amount to a clear error of judgment we will not reverse even if we would have gone the other way had the choice been ours to make." *McMahan v. Toto*, 256 F.3d 1120, 1128 (11th Cir. 2001), *rescinded in part by* 311 F.3d 1077 (2002).

## IV.

As a threshold matter, we disagree with Pacific's argument that the Cordells' appeal is moot in light of our December 5, 2008 order denying their motion to proceed *in forma pauperis*. In that order, we addressed many of the same arguments presented here, ultimately concluding that the Cordells' appeal was frivolous. However, "[a] ruling on a motion or other interlocutory matter, whether entered by a single judge or a panel, is not binding upon the panel to which the appeal is assigned on merits, and the merits panel may alter, amend, or vacate it."

5

11TH CIR. R. 27-1(g). As such, the instant appeal is not moot. We will address each of the Cordells' arguments in turn.

## A.

The Cordells argue that they had thirty-three days within which to file their notice of appeal. Pursuant to Federal Rule of Appellate Procedure 4, a party in a civil case must file a notice of appeal "within 30 days after the judgment or order appealed from is entered." FED. R. APP. P. 4(a)(1)(A). We reject the Cordells' argument that a series of other rules extend that time period.

Local Rule 6.1(A)[4] does not apply here because, pursuant to Federal Rule of Appellate Procedure 4, the Cordells had more than eleven days within which to appeal. Local Rule 6.1(B)[5] is also inapplicable because a notice of appeal is not a response, and the time period for a notice of appeal runs from the date of entry of the judgment and not after service. *See* FED. R. APP. P. 4(a)(1)(A). Similarly to Local Rule 6.1(A), Federal Rule of Civil Procedure 6(a)(2), which concerns time periods of less than 11 days and intermediate weekends and holidays, does not

---

[4] Local Rule 6.1(A) reads: "For time periods of less than eleven (11) days, the response time is first calculated as directed by [Federal Rule of Civil Procedure] 6(a) and, counting weekends and legal holidays, three (3) days for mailing is added to the computed date (Fed.R.Civ.P. 6(e))." N.D. GA. R. 6.1(A).

[5] Local Rule 6.1(B) reads: "For time periods greater than eleven (11) days, the three (3) day mail extension of Rule 6(e) is added to the stated response time to create a lengthened time period." N.D. GA. R. 6.1(B).

apply because the Cordells' had a 30-day time period to file their appeal, and the elapsed weekend occurred after the deadline. The Cordells also rely upon Federal Rule of Civil Procedure 6(d) (formerly 6(e)), which governs service: "[w]hen a party may or must act within a specified time after service . . ., 3 days are added after the period would otherwise expire under Rule 6(a)." FED. R. CIV. P. 6(d). We have held that "[t]he 30-day requirement of Fed.R.App.P. 4(a) is not affected by Fed. R. Civ. P. 6(e); since the appeal time starts from the entry of the judgment and not from service of the notice, Rule 6(e) does not apply so as to enlarge the time allowed for filing the notice of appeal." *Lashley v. Ford Motor Co.*, 518 F.2d 749, 750 (5th Cir. 1975) (per curiam).[6] Next, Federal Rule of Appellate Procedure 26 provides, in pertinent part, that "[w]hen a party is required or permitted to act within a prescribed period after a paper is served on that party, 3 calendar days are added to the prescribed period unless the paper is delivered on the date of service stated in the proof of service." FED. R. APP. P. 26(c). However again, we have held that because "the court of appeals has no jurisdiction over a case until a notice of appeal is timely filed, Fed.R.App.P. 26(c) has no application to the 30-day requirement." *Lashley*, 518 F.2d at 750.

---

[6] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the newly-formed Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

As such, Federal Rule of Appellate Procedure 4(a)(2) gave the Cordells thirty days within which to file their appeal and none of the rules cited by them extended that time period. Because they filed their June 16, 2008 notice of appeal more than thirty days after the entry of judgment, it was untimely.

B.

The Cordells next argue that they have demonstrated excusable neglect and/or good cause.

As noted above, Federal Rule of Appellate Procedure 4(a) provides that a notice of appeal must be filed within thirty days after the judgment. FED. R. APP. P. 4(a)(1)(A). The district court, however, may extend the time to file a notice of appeal in a civil case if: (1) a party moves for an extension within 60 days of the judgment to be appealed; and (2) a party "shows excusable neglect or good cause." FED. R. APP. P. 4(a)(5)(A)(ii). A court should consider four factors when determining excusable neglect: (1) the danger of prejudice to the appellee; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the appellant; and (4) whether the appellant acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Furthermore, "inadvertence, ignorance of the rules, or mistakes construing the rules do not

8

usually constitute 'excusable' neglect. . . ." *Id.* at 392. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (quotation omitted). However, even *pro se* pleadings must adhere to time requirements. *See Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

The Cordells' mistakes concerning the various rules do not constitute excusable neglect. *See Pioneer*, 507 U.S. at 392 (providing that "mistakes construing the rules do not usually constitute 'excusable' neglect. . ."). Moreover, outside their misinterpretation of the rules with respect to the time to appeal, the Cordells offer no other argument to establish good cause. Because the Cordells failed to show excusable neglect or good cause for their untimely filing, the district court did not abuse its discretion in denying their motion for extension of time to file an appeal. Even if we would have decided differently the motion for extension of time to appeal in the first instance, the district court's decision does not amount to clear error and, therefore, the district court did not abuse its discretion. *See McMahan*, 256 F.3d at 1128.[7]

---

[7] The Cordells also argue that we can and should modify Federal Rule of Appellate Procedure 4(a)(1)(A) pursuant to Federal Rule of Appellate Procedure 47, which allows a court of appeals to "make and amend rules governing its practice" so long as all such rules are consistent with acts of Congress. *See* FED. R. APP. P. 47(a)(1). We disagree – we may amend only local rules, not federal appellate rules. *See id.* (allowing a court of appeals to amend *local rules*) (entitled, "*Local Rules* by Courts of Appeals") (emphasis added); *Bowles v. Russell*, 551 U.S. 205, 208-13 (2007) (explaining that the deadline in Federal Rule of Appellate Procedure

## V.

Upon careful review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**

---

4(a) for filing a notice of appeal in a civil case is mandatory and jurisdictional because it is grounded in a federal statute, 28 U.S.C. § 2107).