# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2025

Lyle W. Cayce
Clerk

No. 24-40359

Aaron Lucas,

*Petitioner—Appellant*,

*versus*

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:21-CV-9

Before Stewart, Ho, and Ramirez, *Circuit Judges*.
James C. Ho, *Circuit Judge*:*

Aaron Lucas seeks habeas relief. But the district court denied relief, and we dismissed his subsequent appeal as untimely. In a handwritten pro se motion, Lucas now seeks reconsideration of our dismissal.

Today, we deny his motion for reconsideration, and re-affirm that this appeal was indeed untimely. In doing so, we address—and reject—Lucas's

---

* Judge Stewart concurs in the judgment only.

curious contention that his theory of timeliness is somehow supported by a passage in *Lashley v. Ford Motor Co.*, 518 F.2d 749 (5th Cir. 1975).

## I.

The district court entered judgment denying habeas relief to Lucas on March 26, 2024. Lucas had 30 days to file a notice of appeal—that is, until April 25. *See* Fed. R. App. P. 4(a)(1)(A). He did not do so, however, until April 26. So his appeal is untimely. And his untimeliness deprives our court of jurisdiction. *See*, *e.g.*, *Robbins v. Maggio*, 750 F.2d 405, 408 (5th Cir. 1985) ("The time limitation for filing a notice of appeal is jurisdictional and lack of a timely notice mandates dismissal of an appeal.").

Lucas counters that April 26 is actually 30 days, rather than 31 days, from March 26. But that's contradicted by the plain text of the Federal Rules of Appellate Procedure.

Rule 26 governs how courts compute time. Under that rule, the 30-day clock starts on the day after the triggering event—here, the judgment—and it stops on the thirtieth day. *See* Fed. R. App. P. 26(a)(1) ("When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period.").

Rule 26 also reflects common sense intuition about how people count days in ordinary parlance. If a judge tells a law clerk on Monday to turn in a memo within seven days, the judge naturally expects to see the memo no later than the following Monday.

## II.

For his part, Lucas contends that a passage from our decision in *Lashley* somehow supports his claim of timeliness. To quote his handwritten

motion: "This case is similar to *Lashley v. Ford Motor Co.*, 518 F.2d 749 (5th Cir. 1975), where the court stated that an appeal begins to run on the day following the date of judgement. In *Lashley*, the court entered judgement on April 24, 1975. By rule the court stated that the 30th day ran from April 25th to May 25th (that is due to April having 30 days in the month). In this case the District Court filed entry of judgement on March 26, 2024. So the prescribed time to take an appeal would run from March 27th to April 26th."

*Lashley* did indeed observe that "the thirtieth day from April 25 was May 25"—notwithstanding the fact that the district court actually entered judgment on April 24, not April 25. *Id.* at 750.

So Lucas seems to theorize that *Lashley* somehow stands for the proposition that courts are for some reason supposed to let one entire day lapse before officially starting the 30-day clock for a notice of appeal.

But such a rule would plainly conflict with Rule 26—not to mention common sense.

Nor does the rule of orderliness require us to follow Lucas's curious reading of *Lashley*. After all, if "a more recent case contradicts an older case, the newer language has no effect." *Arnold v. U.S. Dep't of Interior*, 213 F.3d 193, 196 n.4 (5th Cir. 2000). And *Lashley* is plainly contradicted by a number of our earlier (as well as later) cases. Two years before *Lashley*, for example, this court correctly applied the time computation rules in *Da'Ville v. Wise*, 470 F.2d 1364 (5th Cir. 1973). There, the "district court entered judgment December 3, 1971," so "the 30-day appeal period . . . beg[an] the next day thereafter and would bar . . . an appeal taken after January 2." *Id.* at 1365. *See also NAACP of Louisiana v. Michot*, 480 F.2d 547, 548 (5th Cir. 1973) (time between a November 28 judgment and a December 29 appeal is thirty-one days).

We accordingly deny the motion for reconsideration.