Petitioner, an attorney and former employee of the Department of the Army, was discharged by the Army for inefficiency in April 1980. This removal was upheld by the St. Louis Field Office of the Merits Systems Protection Board. Petitioner sought review by the Board itself, but such review was denied by the Board on January 6, 1981. Petitioner then filed his petition for review by this court, stating that he received the opinion and order of the Board on January 10, 1981. The petition in this court was filed on February 10, 1981, 31 days after Mr. Reeves’ admitted receipt of the Board’s decision denying him review. This lateness is admitted by petitioner.
The Government moves to dismiss the appeal to this court as untimely. We agree. The Civil Service Reform Act *812 of 1978, 5 U.S.C. § 7703(b)(1) (Supp. Ill 1979), expressly provides:
* * * Notwithstanding any other provision of law, any petition for [judicial] review must be filed within 30 days after the date the petitioner received notice of the final order or decision of the board, [emphasis added].
Our Rule 172(a)(1) incorporates this requirement.
Petitioner claims that his "appeal” was properly and timely sent by registered mail to the clerk of this court, but that a delay in the mails occasioned this court’s late receipt of the petition. However, petitioner did not mail his "appeal” much or well before the due date. In view of the statute’s explicit and mandatory requirement that the petition for review "must” be filed within 30 days, it is no excuse that the mails were somewhat late. See Jenkins v. United States, ante at 794, decided this day by order, and see, also Coleman v. Department of the Army, 227 Ct.Cl. 536 (1981).
Accordingly, without oral argument, the Government’s motion to dismiss is granted and petitioner’s petition for review is dismissed as untimely.