PLACEWAY CONSTRUCTION CORPORATION, Appellant,

v.

The UNITED STATES, Appellee.

Appeal No. 83–712.

United States Court of Appeals, Federal Circuit.

Aug. 2, 1983.

Robert D. Vetra, Mount Holly, N.J., submitted for appellant.

J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director, Thomas W. Petersen and Eileen P. Fennessy, Washington, D.C., submitted for appellee.

Before MARKEY, Chief Judge, and RICH and BENNETT, Circuit Judges.

BENNETT, Circuit Judge.

This is an appeal from a decision of the Armed Services Board of Contract Appeals (board). ASBCA No. 26068, 82–2 BCA ¶ 16,014. The appeal, having been untimely filed, is *dismissed* for lack of jurisdiction.

Under the Contract Disputes Act of 1978, a decision of an agency board of contract appeals is final unless a contractor appeals to the United States Court of Appeals for the Federal Circuit "within one hundred twenty days after the date of receipt of a copy of such decision ...." 41 U.S.C. § 607(g)(1)(A) (Supp. V 1981), *amended by* the Federal Courts Improvement Act of 1982, Pub.L. No. 97–164, § 156, 96 Stat. 25, 47. In this case, appellant received notice on August 19, 1982, of the adverse board decision rendered on August 13, 1982. On Thursday, December 16, 1982, one day before the 120-day filing period expired, appellant mailed its notice of appeal by registered mail from New Jersey. The notice of appeal was received and filed in court on Monday, December 20, 1982, three days after the 120-day period expired.

Appellant contends that its notice of appeal was timely filed because it was mailed within the 120-day filing period. It cites for support our rule 10(a)(1) which states:

(a) *Courts—Appeals As of Right*

(1) *Manner of Filing; Time for Filing.* A notice of appeal shall be filed in the manner and within the time prescribed by FRAP 4(a). If, pursuant to statute, the trial court has adopted a rule which deems a document filed on the date it is transmitted by a specified type of mail, a notice of appeal shall be deemed filed in accordance with that rule.

It is contended that the ASBCA has adopted a rule which permits the mailing date to serve as the filing date for the notice of appeal.

Whether the ASBCA has done so, however, is irrelevant, as appellant's reliance on our rule 10(a)(1) is misplaced. Rule 10(a)(1) applies only to appeals from courts; it does not apply to appeals from administrative boards such as the ASBCA. In order to obtain review of an order of an administrative board over which we have jurisdiction, a party must file its notice of appeal with the clerk of this court within the time prescribed by law. Fed.Cir.R. 10(c)(1); Fed.R.App.P. 15(a). We have not adopted a rule that permits appeals from

administrative agencies to be deemed filed when mailed; thus, in order to be timely, appellant's appeal had to be received by the clerk of this court within the 120-day period mandated by statute. *Cf. Reeves v. Department of the Army,* 228 Ct.Cl. 811 (1981) (petition for review of Merit Systems Protection Board decision mailed within 30-day statutory period but received on 31st day; appeal dismissed as untimely).

■ Because the notice of appeal in this case was received three days after the filing period expired, we have no choice but to dismiss the appeal as untimely. The 120-day deadline imposed by Congress defines the jurisdiction of this court to hear appeals from the various boards of contract appeals. *Cf. Cosmic Construction Co. v. United States,* 697 F.2d 1389, 1390 (Fed.Cir.1982) (90-day period under 41 U.S.C. § 606 (Supp. V 1981) for filing an appeal from the decision of a contracting officer to the board of contract appeals defines the jurisdiction of the board). We have no authority to waive this statutorily imposed period and thus we have no jurisdiction to hear this appeal. The appeal is dismissed.

DISMISSED.