86 F.3d 1173
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Hazel O'LEARY, Secretary of Energy, Appellant,
v.
GOLDEN WEST REFINING COMPANY; Kern Oil and Refining
Company; Lunday-Thabard Company; and Sunland
Refining Corporation, Appellees.
 No. 96-1170.
 United States Court of Appeals, Federal Circuit.
 Feb. 28, 1996.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON MOTION
 ORDER
 MICHEL, Circuit Judge.
 Golden West Refining Company, Kern Oil and Refining Company, Lunday-Thabard Company, and Sunland Refining Corporation (Golden West) move to dismiss the Secretary of Energy's appeal as untimely filed. The Secretary moves for leave to file an opposition one day out of time. The Secretary now submits an opposition.
 Briefly, in 1992, Golden West submitted claims to the Department of Energy's (DOE) contracting officer concerning a contract pursuant to which Golden West had purchased crude oil produced by DOE at the Naval Petroleum Reserves in Kern County, California. The contracting officer decided the claims adversely to Golden West, and Golden West appealed to the Department of Energy Board of Contract Appeals. On August 31, 1995, the Board issued its final decision in the case. A timely notice of appeal was due within 120 days, i.e., no later than December 29, 1995. See 41 U.S.C. § 607(g). The second government furlough was in effect at that time. On January 16, 1996, 138 days after the Board's decision, the Secretary filed her notice of appeal.
 The Secretary presents two arguments. First, she argues that her appeal was timely. Alternatively, if the appeal is not timely, she argues that the time requirement should be waived. With the regard to the former, the Secretary argues that the notice of appeal was timely because it was "timely filed within the parameters established by both Congress and this Court." The Secretary asserts that Congress suspended the authority of the Department of Justice to represent the Secretary during the second government furlough and that the statutory deadline was extended by this congressional action. The Secretary argues further that this court's December 19, 1995 order, which stayed the due date for documents required to be filed by any Department of Justice attorney, also extended the time for filing a notice of appeal.
 
 
 1
 Golden West responds that the furlough and this court's December 19, 1995 order did not extend the Secretary's time to file a notice of appeal. We agree. Rules 2 and 26(b) of the Federal Rules of Appellate Procedure clearly provide that a court of appeals may not enlarge the time for filing a notice of appeal. We have no authority to waive this statutorily imposed requirement. Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed.Cir.1983). Our December 19, 1995 order granted the United States' motion for "a stay of its due dates for filing briefs in those cases where a party is represented by an attorney employed by the Department of Justice." The order did not purport to extend the time for filing notices of appeal or other documents in cases that were not before this court at the time of the order. Further, with respect to the Secretary's argument that she was not permitted to file a notice of appeal because she was furloughed, we take judicial notice of the filing of a notice of appeal by a Justice attorney during the furlough in Sergent Mechanical Inc. v. United States, no. 96-5045 (notice of appeal filed December 22, 1995). Finally, even if the Secretary's premise was correct, she did not file her notice of appeal on the first day after the furlough ended, i.e., on January 11, 1996, the one day that the court was open during the week of the Great Blizzard of 1996.
 
 
 2
 Alternatively, the Secretary contends that the timeliness requirement should be waived because the "unique circumstances" of the government shutdown prevented the timely filing of the notice of appeal. See Thompson v. INS, 375 U.S. 384 (1964) ("unique circumstances" excused untimely appeal where appellant relied on specific statement of district court that motion for new trial was timely filed). The Secretary argues that the "unique circumstances" doctrine is properly invoked because counsel acted with a reasonable, good faith belief that the deadline for filing had been extended by Congress and this court.*
 
 
 3
 We conclude that application of the "unique circumstances" doctrine is not warranted. The "unique circumstances" doctrine may excuse an untimely appeal where a party has performed an act which, if properly done, would postpone the deadline for filing its appeal and the party has received specific assurance by a judicial officer that this act has been properly done. Osterneck v. Ernst & Whinney, 489 U.S. 169, 179 (1989). The Secretary took no action to postpone the deadline for filing her appeal, and she did not receive any assurance from this court that the deadline had, in fact, been extended. As noted, the United States was able to file other notices of appeal during the government furlough. Because the Secretary's notice of appeal was not timely filed, we must dismiss her appeal. See Sofarelli Assocs., Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Golden West's motion to dismiss is granted.
 
 
 6
 (2) The Secretary's motion for leave to file an opposition one day out of time is granted.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 
 *
 In support of her argument, the Secretary states that this court "allowed a plaintiff who had lost before the trial court to file an untimely notice of appeal simply because, after the trial court's judgment, a different judge in another case had reached a different result, thereby changing the plaintiff's assessment of the likelihood of prevailing on appeal." Ishida v. United States, 59 F.3d 1224 (Fed.Cir.1995). Thus, the Secretary argues that "[i]f a mere change in a party's determination of its litigation risk ... warrants invocation of the unique circumstances exception, then surely the combination of circumstances that prevented the notice of appeal from being filed in this appeal satisfy the requirements of the exception."
 Ishida did not address the proposition set forth by the Secretary. We note that in a nonprecedential order, this court determined that the Court of Federal Claims had not abused its discretion in granting Ishida's motion to extend the time for filing his notice of appeal. See Fed.R.App.P. 4(a)(5). This issue, of course, differs considerably from the issue of whether an appellate court may waive the timeliness requirement. Thus, the Secretary's argument is inapposite.