91 F.3d 165
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Oscar HAIMOWITZ, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 96-7022.
 United States Court of Appeals, Federal Circuit.
 April 12, 1996.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 On March 21, 1996, we directed Oscar Haimowitz to respond to the issue of whether his notice of appeal was timely. We stated that the Secretary of Veterans Affairs could respond within ten days thereafter. Haimowitz submits a response.
 
 
 2
 On December 1, 1995, the Court of Veterans Appeals entered judgment in Haimowitz's case. On February 20, 1996, 81 days after the entry of judgment by the Court of Veterans Appeals, Haimowitz filed his notice of appeal.
 
 
 3
 An appeal from the Court of Veterans Appeals must be filed within 60 days after the date of entry of judgment. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107; Fed.R.App.P. 4(a)(1). Haimowitz states that he was unable to file the notice of appeal in a timely manner because he was recovering from a broken arm. However, a court of appeals may not enlarge the time for filing a notice of appeal. We have no authority to waive this statutorily imposed requirement. Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed.Cir.1983). Because Haimowitz's notice of appeal was not filed within 60 days of entry of judgment by the Court of Veterans Appeals, we must dismiss his appeal. See Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) Haimowitz's appeal is dismissed.
 
 
 6
 (2) Each side shall bear its own costs.