95 F.3d 1162
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Larry HAYNES, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5078.
 United States Court of Appeals, Federal Circuit.
 July 1, 1996.
 
 Before ARCHER, Chief Judge, NIES, Senior Circuit Judge, and RADER, Circuit Judge.
 ON MOTION
 ARCHER, Chief Judge.
 
 ORDER
 
 1
 On April 22, 1996, the United States moved to dismiss this appeal as untimely. On May 1, 1996, this court directed the United States to file a supplemental response with respect to the timeliness of appeals filed by an inmate confined to an institution. We instructed Larry Haynes that he could respond within ten days thereafter. The United States submits a response. Haynes has not responded.
 
 
 2
 Briefly, Haynes filed three complaints in the Court of Federal Claims. The three complaints were dismissed for lack of jurisdiction on August 28, 1995, December 6, 1995, and December 18, 1995. On February 26, 1996, 70 days after the entry of judgment of the third dismissal order, Haynes filed his notice of appeal. An appeal from the Court of Federal Claims must be filed within 60 days after the date of entry of the judgment. 28 U.S.C. § 2522; Fed.R.App.P. 4(a)(1), (c).
 
 
 3
 The notice of appeal does not purport to be an appeal from the August 28, 1995 and December 6, 1995 dismissal orders. Even assuming arguendo that the notice of appeal were intended to incorporate such orders, the notice is clearly untimely. With respect to the third dismissal order, we must inquire whether Haynes, an inmate, deposited the notice of appeal in the institution's internal mail system on or before the last day for filing, i.e., February 16, 1996. See Fed.R.App.P. 4(c). If so, the notice of appeal is timely.
 
 
 4
 The United States argues that Haynes has not provided sufficient evidence that he timely deposited the notice in the institution's internal mail system. Rule 4(c) provides that timely filing may be shown by a notarized statement or by a declaration in compliance with 28 U.S.C. § 1746 setting forth the date of deposit and stating that first-class postage has been prepaid. Haynes has submitted three documents that are dated before February 16, 1996: (1) the notice of appeal, which was notarized on February 9, 1996; (2) a motion for leave to proceed in forma pauperis dated February 13, 1996; and (3) a certificate of service, which was notarized on February 13, 1996. However, none of these documents refer to the date on which the notice of appeal was deposited in the institution's internal mail system.
 
 
 5
 A court of appeals may not enlarge the time for filing a notice of appeal. Because Haynes has not made the necessary showing under Fed.R.App.P. 4(c), we must dismiss his appeal as untimely. We have no authority to waive this statutorily imposed requirement. Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed.Cir.1983).
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) The United States' motion to dismiss is granted.
 
 
 8
 (2) Each side shall bear its own costs.