ZAPATA INDUSTRIES, INC.,
Plaintiff–Appellee,

v.

W.R. GRACE & CO.-CONN.,
Defendant–Appellant.

Zapata Industries, Inc., Plaintiff–
Appellant,

v.

W.R. Grace & Co.-Conn.,
Defendant–Appellee.

No. 01–1221, 01–1243.

United States Court of Appeals,
Federal Circuit.

March 4, 2002.

Before MAYER, Chief Judge, LOURIE and GAJARSA, Circuit Judges.

ON MOTION

GAJARSA, Circuit Judge.

ORDER

W.R. Grace & Co.-Conn. (Grace) moves to dismiss ZapatA Industries, Inc.'s appeal 01–1243. ZapatA opposes. Grace replies.

ZapatA brought suit against Grace in the United States District Court for the Southern District of Florida and Grace counterclaimed. Following motions for summary judgment, a jury trial, a bench trial, and postverdict motions, the district court entered judgment that: (1) ZapatA literally infringed certain claims of the Grace patents; (2) the claims of the Grace patents were invalid for obviousness; (3) the claims of the Grace patents were not invalid for anticipation; and (4) the Grace patents were not unenforceable due to inequitable conduct. Earlier, the district court had dismissed ZapatA's antitrust claims and held against ZapatA on its defenses of estoppel or implied license and the reverse doctrine of equivalents.

On January 18, 2001, the district court entered its judgment. On February 16, 2001, Grace filed a notice of appeal seeking review of the judgment of invalidity based on obviousness. ZapatA filed a notice of appeal eighteen days later, on March 6, 2001, seeking review of the various rulings adverse to it.

Pursuant to Fed. R.App. P. 4(a)(3), in a case where a timely appeal has been filed, another party may appeal within 30 days after the judgment is entered or within 14 days after the date the first appeal is filed, whichever period ends later. Grace argues that ZapatA's March 6, 2001 appeal should be dismissed as untimely because it was not filed within the time limits prescribed by Rule 4(a)(3). ZapatA states that it filed its appeal late because the clerk of the district court mailed Grace's notice of appeal to the former address of ZapatA's counsel. In any event, ZapatA argues that, as an appellee, it may make any arguments in support of the judgment in its favor and that it filed its notice of appeal out of an abundance of caution.

The Supreme Court in *United States v. American Ry. Exp. Co.*, 265 U.S. 425, 435, 44 S.Ct. 560, 68 L.Ed. 1087 (1924) set forth the principle:

the appellee may not attack the decree with a view either to enlarging his own rights thereunder or of lessening the rights of his adversary, whether what he seeks is to correct an error or to supplement the decree with respect to a matter not dealt with below. But it is likewise settled that an appellee may,

without taking a cross-appeal, urge in support of a decree any matter appearing in the record, although his argument may involve an attack upon the reasoning of the lower court or an insistence upon matter overlooked or ignored by it. By the claims now in question, the American does not attack, in any respect, the decree entered below. It merely asserts additional grounds why the decree should be affirmed.

ZapatA argues that any arguments it presents will be merely asserting additional grounds why the judgment of invalidity should be affirmed. However, the judgment included a finding of literal infringement, which clearly must be appealed in its own right in order to be challenged. *Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 731 F.2d 840, 844 (Fed.Cir.1984). Similarly, the judgment that the patents are not unenforceable is not subsumed by the judgment of invalidity. Additionally, in order to argue that the dismissal of the antitrust claims was incorrect, ZapatA must be an appellant, not merely an appellee. Thus, ZapatA may include in its brief only arguments that support the district court judgment, and may not present arguments that seek to reverse or modify the judgment.

■ Alternatively, ZapatA argues that Rule 4(a)(3) is a "rule of practice" and not a jurisdictional requirement. Thus, ZapatA contends that because it did not receive a copy of the notice of appeal until after the time allowed to appeal by Rule 4(a)(3), the court should, in its discretion, permit consideration of its appeal.

In *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988), the Supreme Court stated that "although a court may construe the Rules liberally in determining whether they have been complied with, it may not waive the jurisdictional requirements of Rule ... 4, even for good cause shown ... if it finds that they have not been met." *See also* 20 James Wm. Moore et al., Moore's Federal Practice § 304.11[3][d] (3d ed.1998) (stating that *Torres* "may have struck the death knell for the rule-of-practice approach to Rule 4(a)(3)").* The time limits of Rule 4 are jurisdictional. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (citation omitted)). Thus, ZapatA's failure to file timely a notice of appeal may not be waived. *See Christianson v. Colt Operating Indus. Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (court may not extend its jurisdiction where none exists); *Placeway Constr. Corp. v. United States*, 713 F.2d 726, 728 (Fed.Cir.1983). Here, ZapatA had 30 days after the judgment (until February 20, 2001) or 14 days after the filing of Grace's notice of appeal (until March 2, 2001) to file its appeal. ZapatA, however, filed its appeal on March 6, 2001.

ZapatA was not without recourse, however, when it belatedly received notice of Grace's appeal. Fed. R.App. P. 4(a)(5) allows a district court, upon a party's showing of excusable neglect or good cause, to extend the time to appeal. Presumably, the circumstances here are the

---

* This view is shared by the First, Third, Sixth and Seventh Circuits. *See Johnson v. Teamsters Local 559*, 102 F.3d 21 (1st Cir.1996); *E.F. Operating Corp. v. American Bldgs.*, 993 F.2d 1046 (3rd Cir.1993); *Francis v. Clark Equip. Co.*, 993 F.2d 545 (6th Cir.1993), *Rollins v. Metro. Life Ins. Co.*, 912 F.2d 911 (7th Cir.1990). The Second, Ninth and D.C. Circuits have taken the opposite view. *See Texport Oil Co.v. M/V Amolyntos*, 11 F.3d 361 (2d Cir.1993); *Mendocino Environmental Ctr. v. Mendocino Co.*, 192 F.3d 1283 (9th Cir.1999); *Spann v. Colonial Village, Inc.*, 899 F.2d 24 (D.C.Cir.1990).

very kind that would support the granting of a motion to extend the time to appeal. Nonetheless, ZapatA did not file a Rule 4(a)(5) motion.

Because ZapatA's notice of appeal was untimely, the appeal must be dismissed. *See Sofarelli Associates, Inc. v. United States*, 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely). *See also* Fed. R.App. P. 26(b) (appellate courts may not extend the time otherwise permitted for filing a notice of appeal).

Accordingly,

IT IS ORDERED THAT:

(1) Grace's motion to dismiss ZapatA's appeal 01–1243 is granted.

(2) Each party shall bear its own costs for 01–1243.

(3) The revised official caption for 01–1221 is reflected above.

(4) Grace's brief is due within 30 days of the date of filing of this order.