**Albert MORGAN, Jr., Claimant–Appellant,**

v.

**Anthony J. PRINCIPI, Secretary of Veterans Affairs, Respondent–Appellee.**

**No. 03–7076.**

United States Court of Appeals, Federal Circuit.

July 2, 2003.

Before MAYER, Chief Judge, LOURIE and CLEVENGER, Circuit Judges.

ON MOTION

LOURIE, Circuit Judge.

### ORDER

The Secretary of Veterans Affairs moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Albert Morgan, Jr.'s appeal for lack of jurisdiction. Morgan has not responded.

The certified list of docket entries of the United States Court of Appeals for Veterans Claims reflects that the judgment denying Morgan's petition for a writ of mandamus was entered on November 15, 2002. The list further reflects that Morgan filed his notice of appeal on January 28, 2003, more than 60 days later.* *See* Fed. R.App. P. 4(a)(1)(B). Thus, Morgan's appeal is untimely.

The time limits of Rule 4 are jurisdictional. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (citation omitted)). Thus, Morgan's failure to file timely a notice of appeal may not be waived. *See Christianson v. Colt Operating Indus. Corp.,* 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (court may not extend its jurisdiction where none exists); *Placeway Constr. Corp. v. United States,* 713 F.2d 726, 728 (Fed.Cir.1983). Because Morgan did not timely file a notice of appeal, the appeal must be dismissed.

Alternatively, we note that in his informal brief, Morgan states that the Court of Appeals for Veterans Claims "erred because it didn't issue an order commanding respondent to continue to process the approve[d] claim C.U.E. under 38 C.F.R. § 3105(a) by taking the false degenerative arthritis off the V.A. rating sheet dated June 22, 1983 and replace it with the word sarcoid and pay the 100 percent rating." Morgan does not does not challenge the validity or interpretation of any statute or regulation or raise a constitutional issue. Therefore, our limited jurisdiction does not permit review. *See* 38 U.S.C. § 7292(d)(2) (court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case").

Accordingly,

---

\* We note that in his notice of appeal Morgan indicates that he also seeks review of the January 9, 2003 order of the Court of Appeals for Veterans Claims denying his motion for leave to file out of time a motion for reconsideration. However, in his informal brief Morgan makes no arguments concerning the January 9, 2003 decision.

IT IS ORDERED THAT:

(1) The Secretary's motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The Secretary's motion to dismiss is granted.

(3) Each side shall bear its own costs.