ORDER

LOURIE, Circuit Judge.
June Locklear responds to the court’s April 4, 2005 order directing her to show cause why her appeal should not be dismissed as untimely.
The certified list of docket entries of the United States Court of Appeals for Veterans Claims in Locklear v. DVA, No. 04-1201 (Vet.App. Dec. 2, 2004) reflects that the judgment dismissing Locklear’s appeal was entered on December 2, 2004. The list further reflects that Locklear filed her notice of appeal on March 4, 2005, more than 60 days later.
Fed. R.App. P. 4(a)(1)(B) requires that a notice of appeal be filed within 60 days after entry of judgment. Locklear does not dispute that her appeal is untimely. Instead, she requests an extension of time for filing her appeal. However, pursuant to Fed. R.App. P. 26(b)(1), the court cannot extend the time for filing a notice of appeal.
The time limits of Rule 4 are jurisdictional. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ’’(citation omitted)). Thus, Locklear’s failure to file timely a notice of appeal may not be waived. See Christianson v. Colt Operating Indus. Corp., 486 U.S. 800, 818, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) (court may not extend its jurisdiction where none exists); Placeway Constr. Corp. v. United States, 713 F.2d 726, 728 (Fed.Cir.1983). Because Locklear did not timely file a notice of appeal, the appeal must be dismissed.
Accordingly,
IT IS ORDERED THAT:
*367 (1) Locklear’s appeal is dismissed.
(2) Each side shall bear its own costs.