NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition is
not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1191

PHILIP BLACKMAN,
(doing business as Hawaii CyberSpace),

Appellant,

v.

James G. Roche, SECRETARY OF THE AIR FORCE,

Appellee.

_____

DECIDED:  June 7, 2005

_____

Before MAYER, LOURIE, and BRYSON, Circuit Judges.

PER CURIAM.

Philip Blackman appeals the decision of the Armed Services Board of Contract
Appeals ("board") denying his claim against the Department of the Air Force for
payment of additional costs incurred in developing and delivering an automated air
passenger video/telephone system.  Blackman v. Dep't of the Air Force, ASBCA No.
54065 (Sept. 1, 2004).  Because Blackman's appeal is untimely, we dismiss.

Under the Contract Disputes Act, the board's decision is final unless Blackman
appeals to this court within 120 days after receipt of the board's decision.  41 U.S.C.

§ 607(g)(1)(A) (2000). The filing period for noting an appeal from a board decision is mandatory and jurisdictional. Placeway Const. Corp. v. United States, 713 F.2d 726, 728 (Fed. Cir. 1983) ("The 120-day deadline imposed by Congress defines the jurisdiction of this court to hear appeals from the various boards of contract appeals. . . . We have no authority to waive this statutorily imposed period[.]") (citation omitted). The board issued its decision denying Blackman's claims on September 1, 2004, and mailed it to the Air Force and Blackman on September 2, 2004. The Air Force received it on September 7, but Blackman did not respond to a board request to advise it of "the date, time and the circumstances when [he] first received a copy of the decision." Although he now says it was not until September 21, 2004, two weeks later than the Air Force, he offers no proof of this unlikely circumstance. As the Supreme Court held in McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 188-89 (1936), the party asserting jurisdiction has the burden of proving jurisdiction. That includes "facts essential to show jurisdiction." Id. Blackman has not presented any evidence that he did not receive a copy of the board's opinion until September 21. Therefore, Blackman's notice of appeal which was filed with this court on January 14, 2005, was untimely.