NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1579

L-3 COMMUNICATIONS CORPORATION, LINK SIMULATION & TRAINING DIVISION,

Appellant,

v.

Michael B. Donley, SECRETARY OF THE AIR FORCE,

Appellee.

Appeal from the Armed Services Board of Contract Appeals in no. 54920, Administrative Judge Monroe E. Freeman, Jr.

ON MOTION

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

## O R D E R

The Secretary of the Air Force moves to dismiss L-3 Communications Corporation, Link Simulation & Training Division's (L-3) appeal as untimely. L-3 opposes. The Secretary replies.[*]

The Secretary argues that L-3 did not file its notice of appeal in this case until 121 days after its receipt of the Armed Services Board of Contract Appeals' (ASBCA) May 5, 2008 decision and that the appeal is thus untimely. The United States Postal Service certified return receipt card indicates that L-3 received the ASBCA's decision on May 12, 2008. L-3 filed its notice of appeal on September 10, 2008. In order to be timely, the Secretary asserts that L-3 had to file its notice of appeal on September 9, 2008.

An ASBCA decision is final unless a contractor appeals to this court within 120 days after receipt of the ASBCA's decision. 41 U.S.C. § 607(g)(1)(A). This filing period is mandatory and jurisdictional. Placeway Const. Corp. v. United States, 713 F.2d 726, 728 (Fed. Cir. 1983).

Counsel for L-3 concedes that the certified return receipt identified by the Secretary indicates receipt by someone on May 12. However, counsel asserts (1) that he does not recognize the signature on the certified return receipt indicating receipt on May 12, (2) that he actually received the decision in a separate mailing received by him on May 14, 2008, or (3) that regardless of when his office received the decision, he did not personally receive the decision until May 14, 2008.

Concerning counsel's first assertion, although counsel may not recognize the signature, that does not necessarily mean that the document was not received on May 12, 2008. Counsel does not assert that he never received the decision, and the only envelope that is asserted to have contained the decision at issue in this case had a certified return receipt that indicates receipt on May 12.

Concerning counsel's second assertion, counsel states in a declaration:

> I specifically recall receiving the Freeman Decision no earlier than on the afternoon of Wednesday, May 14, 2008 (or, perhaps, on May 15). When I first saw it, it was either inside or paper-clipped to an envelope (the "Envelope") (Exhibit A hereto) post-marked 5/12/08, and bearing a stamp saying "DELIVERY ATTEMPTED ON MAY 14, 2008." I kept the envelope to document the fact that -- for purposes of calculating the commencement of the 120-day time period for filing a notice of appeal -- I had received the decision on May 14.

The court is not convinced by the inexactness of the declaration and L-3 has not established that the certified return receipt indicating receipt on May 12 is incorrect. It is not clear how one can "specifically recall" receipt but then not recall whether it was on

---

* We grant the Secretary's motion for an extension of time to file its reply.

May 14 or May 15. In any event, the "Envelope" included with counsel's declaration is an envelope that indicates it contained a different Board document, as counsel for L-3 later concedes in his declaration.

Counsel's third assertion, that regardless of when his office received the decision at issue, he personally did not receive the decision until May 14, 2008, is irrelevant. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 93 (1990) (where action was required to be filed within 30 days of receipt of notice, time to file begins on date of receipt by the attorney's office and not the date that the attorney received notice). Thus, this court must dismiss L-3's appeal as untimely.

Accordingly,

IT IS ORDERED THAT:

(1)    The Secretary's motion to dismiss is granted.

(2)    Each side shall bear its own costs.

FOR THE COURT

FEB 6 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 06 2009

JAN HORBALY
CLERK

cc:    Roy A. Klein, Esq.
       Matthew H. Solomson, Esq.

s20

ISSUED AS A MANDATE:    FEB 6 2009