BENNETT, Circuit Judge.
 

 This is an appeal of a judgment of the United States Claims Court, 1 Cl.Ct. 241 (1982), denying appellant Sofarelli damages and/or an equitable adjustment under the “Changes” clause of a government construction contract. The government (appel-lee) asserts that this court lacks jurisdiction to hear this appeal, as appellant did not file a notice of appeal within 60 days after entry of the judgment by the Claims Court, as required by Fed.R.App.P. 4(a)(1) (Fed. Cir.R. 10(a) and Cl.Ct.Rule 72). We agree and therefore dismiss the appeal as untimely-
 

 Fed.R.App.P. 4(a)(1) requires,
 
 inter alia,
 
 that when the United States is a party, a notice of appeal must be filed with the trial court within 60 days from the date of entry of the judgment. It is well settled that this requirement is “mandatory and jurisdictional.”
 
 See,
 
 e.g.,
 
 Browder v. Director, Dept. of Corrections of Illinois,
 
 434 U.S. 257, 264, 98 S.Ct. 556, 560, 54 L.Ed.2d 521;
 
 reh’g denied,
 
 434 U.S. 1089, 98 S.Ct. 1286, 55 L.Ed.2d 795 (1978);
 
 Hernandez-Rivera v. Immigration & Naturalization Service,
 
 630 F.2d 1352, 1354 (9th Cir.1980);
 
 Gribble v. Harris,
 
 625 F.2d 1173, 1174 (5th Cir.1980).
 

 The Claims Court entered judgment in this case on November 18, 1982. Appellant thus had until January 17, 1983, to file its notice of appeal.
 
 [1]
 
 Appellant filed its notice of appeal on January 19, 1983, two days after the expiration of the appeal period. No motion for an extension of time accompanied the notice of appeal, nor, as provided for in Fed.R.App.P. 4(a)(5), was one filed within 30 days after the expiration date in the court below.
 

 Appellant asserts that the notice of appeal was timely filed, as Fed.R.App.P. 26(c) extended the 60-day period by 3 days.
 
 [2]
 
 Rule 26(c), however, has no application to the 60-day period specified in Rule 4(a)(1), as the latter rule states that the appeal time starts from the entry of the judgment, not from service of the notice of judgment.
 
 See Lashley v. Ford Motor Co.,
 
 518 F.2d 749, 750 (5th Cir.1975). Appellant’s notice of appeal was clearly untimely.
 

 Appellant contends that even if the notice of appeal was untimely, this court could assert jurisdiction to hear this appeal under “certain circumstances.” Appellant cites
 
 Thompson v. Immigration & Naturalization Service,
 
 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964),
 
 Harris Truck Lines v. Cherry Meat Packers, Inc.,
 
 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), and
 
 Hernandez-Rivera,
 
 630 F.2d 1352, in support of our jurisdiction over this appeal. The above cases are unavailing. In each case, the reviewing court instead held that the appeal should not be barred since “unique circumstances” had been shown. Specifically, the above cases presented the situation where the trial judge had granted a motion, believed timely, for an extension of time in which to file the notice of appeal. Here, appellant neither filed a motion for an extension of time within the required 60-day period nor filed a motion showing “excusable neglect” within 30 days after the expiration of the 60-day period.
 
 See
 
 Rule 4(a)(5). We cannot therefore assume juris
 
 *1397
 
 diction over this appeal.
 
 See
 
 9 MOORE’S FEDERAL PRACTICE ¶ 204.13[2] at 4-104 (1983) (“The result of failure to file a timely notice of appeal, followed by failure to make a timely motion to be permitted to file one out of time, extinguishes the right to appeal beyond revival by either the district court or the court of appeals.”) (Footnote omitted.)
 
 [3]
 

 Accordingly, we must dismiss the appeal for lack of jurisdiction.
 

 DISMISSED.
 

 [1]
 

 . Since this date fell on a Monday, Fed.R. App.P. 26(a) is inapplicable.
 

 [2]
 

 . Rule 26(c) states, “Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon him and the paper is served by mail, 3 days shall be added to the prescribed period.”
 

 [3]
 

 . It should be noted that a showing of “excusable neglect” should be made before the trial court, not the court of appeals. See Rule 4(a)(5). Rule 26(b) states that the court of appeals “may not enlarge the time for filing a notice of appeal