779 F.2d 51
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MARK KACZOR, Plaintiff-Appellant
FRANK J. KELLEY AND STATE OF MICHIGAN DEPARTMENT OF SOCIAL
SERVICES, Plaintiffs-Intervenors,
v.
ACME LADDER & SUPPLY COMPANY; LOUISVILLE LADDER, A DIVISION
OF EMERSON ELECTRIC CO.; REIMANN & GEORGER, INC;
BRIGGS & STRATTON MOTOR COMPANY
Defendants-Appellees.
 84-1759
 United States Court of Appeals, Sixth Circuit.
 10/31/85
 
 APPEAL DISMISSED
 E.D.Mich.
 ORDER
 BEFORE: KEITH, KENNEDY and MILBURN, Circuit Judges.
 
 
 1
 This matter is before the Court upon consideration of the response to this Court's show cause order.
 
 
 2
 It appears from the record that the judgment was entered on July 25, 1984, and the notice of appeal was filed on October 17, 1984. Appellant's motion for reconsideration was served on August 9, 1984, fifteen days after entry of judgment. Since the motion for reconsideration was untimely served, see Rule 59(e), Federal Rules of Civil Procedure, Rule 4(a)(4), Federal Rules of Appellate Procedure, it did not toll the time for appeal. See Browder v. Director, Department of Corrections, 434 U.S. 257, 264-265 (1978). The filing of the notice of appeal occurred fifty-four days late. Rules 4(a)(4) and 26(a), Federal Rules of Appellate Procedure.
 
 
 3
 Federal Rules of Appellate Procedure 4(a) requires the notice of appeal to be filed within thirty days from the entry of judgment. Timely filing of the notice of appeal is mandatory and jurisdictional and may not be extended for substantial compliance or otherwise. Browder v. Director, Department of Corrections, supra; Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir. 1984). Rule 26(b), Federal Rules of Appellate Procedure, specifically provides that this Court cannot enlarge the time for filing a notice of appeal.
 
 
 4
 Appellant relies on Federal Rules of Appellate Procedure 26 (incorrectly cited in his response to the show cause order as Federal Rules of Civil Procedure 26) in arguing that his motion for reconsideration was timely because it was served within ten days of when he received notice of the judgment. He argues that the tenth day fell on a Saturday, and the time was extended by an additional three days because the judgment was served on him by mail. However, both Federal Rules of Appellate Procedure 26(c) and Federal Rules of Civil Procedure 6(e) allow a three day extension for service by mail only when the party is required to act within a prescribed period after service of a paper served by mail. These rules do not apply when the time to act begins with the entry of judgment rather than the service of a document. See Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed. Cir. 1983); Lashley v. Ford Motor Co., 518 F.2d 749 (5th Cir. 1975); cf. Pryor v. Marshall, 711 F.2d 63 (6th Cir. 1983) (failure to receive notice of entry of judgment does not affect time for filing appeal). Appellant also argues that the appeal was timely based on Thompson v. INS, 375 U.S. 384 (1964). However, Thompson does not apply when, as here, there was no detrimental reliance on the district court's representations. See Denley v. Shearson/American Express, Inc., supra; Sofarelli Associates, Inc. v. United States, supra. The district court cannot extend the time for filing a Rule 59 motion for reconsideration. See Federal Rules of Civil Procedure 6(b).
 
 
 5
 It is ORDERED that the appeal be and hereby is dismissed. Sixth Circuit Rule 9(d)(1).