944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
David L. HOWARD, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5110.
 United States Court of Appeals, Federal Circuit.
 July 17, 1991.
 
 Before RICH, MAYER and CLEVENGER, Circuit Judges.
 ORDER
 MAYER, Circuit Judge.
 
 
 1
 The United States moves to dismiss David L. Howard's appeal from the Claims Court's September 27, 1990 judgment dismissing Howard's complaint for lack of jurisdiction. Howard opposes.
 
 
 2
 On September 27, 1990, the Claims Court dismissed Howard's complaint. On October 4, 1990, Howard moved for rehearing and reconsideration. The Claims Court denied Howard's motion on October 30, 1990. Sixty-four days later, on January 2, 1991, Howard filed a notice of appeal.
 
 
 3
 The United States argues that this court is without jurisdiction to hear Howard's appeal because Howard's appeal was untimely. Howard had 60 days from the date the Claims Court denied his motion to file an appeal. Fed.R.App.P. 4(a)(1). The 60th day was December 29, a Saturday. Hence, the last possible date for a timely filing was Monday, December 31, 1990. However, the Claims Court did not receive Howard's notice of appeal until January 2, 1991.
 
 
 4
 In response, Howard submits a notarized statement "swear[ing] and affirm[ing] that [he] posted and placed in the U.S. Mails during regular business hours on December 26, 1990, the NOTICE OF APPEAL". The Supreme Court has said, however, that the dispositive date for the purpose of timeliness in civil cases is the date the notice is received by the trial court. See Houston v. Lack, 487 U.S. 266, 274 (1988). Howard's notice was received by the Claims Court after the 60 day deadline had passed.
 
 
 5
 The timely filing of a notice of appeal is "mandatory and jurisdictional." Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 264, reh'g denied 434 U.S. 1089 (1978); United States v. Robinson, 361 U.S. 220, 229 (1960); Sofarelli Associates, Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983). Howard's notice of appeal was untimely. Thus, this court is without jurisdiction to hear Howard's appeal.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 The motion to dismiss is granted.