1 F.3d 1251
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 William A. SMITH, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7026.
 United States Court of Appeals, Federal Circuit.
 April 15, 1993.
 
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ON MOTION
 RADER, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive Fed.Cir.R. 27(d) and to dismiss William A. Smith's appeal as untimely. Smith opposes.
 
 
 2
 The Court of Veterans Appeals issued its decision summarily affirming the Board of Veterans Appeals' decision on June 8, 1992. Smith filed his notice of appeal to this court on August 25, 1992, 78 days after entry of judgment. Pursuant to 38 U.S.C. Sec. 7292, a party may seek review of a decision of the Court of Veterans Appeals "by filing a notice of appeal with the Court of Veterans Appeals within the time and manner prescribed for appeal to the United States district courts." Fed.R.App.P. 4(a), governing appeals from the district courts, requires, inter alia, that when the United States is a party, a notice of appeal must be filed with the trial court "within 60 days" from the date of entry of the judgment.
 
 
 3
 The filing of a timely notice of appeal is "mandatory and jurisdictional." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Sofarelli Associates Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983). Smith did not file his notice of appeal within the statutory period and, therefore, Smith's appeal should be dismissed.
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive Fed.Cir.R. 27(d) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) Each side shall bear its own costs.