14 F.3d 612
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Valentine C. NORIEGA, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7086.
 United States Court of Appeals, Federal Circuit.
 Oct. 29, 1993.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and SCHALL, Circuit Judge.
 ORDER
 RICH, Circuit Judge.
 
 
 1
 On July 26, 1993, this court directed Valentin C. Noriega and the Secretary of Veterans Appeals to respond to the issue of whether Noriega's notice of appeal was untimely. Noriega submits two responses. The Secretary moves for leave to respond out of time, with response attached. In his response, the Secretary argues that the appeal is untimely.
 
 
 2
 On March 31, 1993, the Court of Veterans Appeals entered a final judgment. Noriega's notice of appeal was received by the Court of Veterans Appeals on June 11, 1993, 72 days after entry of the judgment.
 
 
 3
 Pursuant to 38 U.S.C. Sec. 7292, a party may seek review of a decision of the Court of Veterans Appeals "by filing a notice of appeal with the Court of Veterans Appeals within the time and manner prescribed for appeal to United States courts of appeals from the United States district courts." Fed.R.App.P. 4(a), governing appeals from the district courts, requires that when the United States is a party, a notice of appeal must be filed with the trial court "within 60 days" from the date of entry of the judgment.
 
 
 4
 Noriega argues that Vet.App.R. 26(c) allows 30 additional days to those appellants who reside outside the United States. Noriega also asks for "liberal construction of rules." By its terms, Vet.R.App. 26(c) does not apply to the period of time for filing a notice of appeal. Further, the rules of the Court of Veterans Appeals do not apply to notices of appeal to this court.
 
 
 5
 The filing of a timely notice of appeal is "mandatory and jurisdictional." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Sofarelli Associates Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983). Noriega did not file his notice of appeal within the statutory period and, therefore, Noriega's appeal should be dismissed.
 
 
 6
 Accordingly,
 
 IT IS ORDERED THAT:
 
 7
 (1) Noriega's appeal is dismissed.
 
 
 8
 (2) Each side shall bear its own costs.