17 F.3d 1443
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Fausta A. MALABANAN, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 93-7103.
 United States Court of Appeals, Federal Circuit.
 Jan. 10, 1994.
 
 Before NEWMAN, Circuit Judge, BENNETT, Senior Circuit Judge, and ARCHER, Circuit Judge.
 ON MOTION
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves for leave to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Fausta A. Malabanan's appeal for failure to file a timely notice of appeal. Malabanan has not filed a response.
 
 
 2
 On April 5, 1993, the Court of Veterans Appeals entered a final judgment. Malabanan's notice of appeal was not filed until July 19, 1993, 105 days after entry of the judgment.
 
 
 3
 Pursuant to 38 U.S.C. Sec. 7292, a party may seek review of a decision of the Court of Veterans Appeals "by filing a notice of appeal with the Court of Veterans Appeals within the time and manner prescribed for appeal to United States courts of appeals from the United States district courts." Fed.R.App.P. 4(a), governing appeals from the district courts, requires that when the United States is a party, a notice of appeal must be filed with the trial court "within 60 days" from the date of entry of the judgment.
 
 
 4
 The filing of a timely notice of appeal is "mandatory and jurisdictional." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Sofarelli Associates Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983). Malabanan did not file her notice of appeal within the statutory period and, therefore, Malabanan's appeal should be dismissed.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 7
 (2) The Secretary's motion to dismiss is granted.
 
 
 8
 (3) Each side shall bear its own costs.