67 F.3d 317
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Rosita D. UMIPIG, Claimant-Appellant,
v.
Jesse BROWN, Secretary of Veterans Affairs, Respondent-Appellee.
 No. 95-7056.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1995.
 
 Before SCHALL, Chief Judge, COWEN, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON MOTION
 SCHALL, Circuit Judge.
 
 ORDER
 
 1
 The Secretary of Veterans Affairs moves to waive the requirements of Fed.Cir.R. 27(e) and to dismiss Rosita D. Umipig's appeal for lack of jurisdiction. Umipig has not responded.
 
 
 2
 On September 22, 1994, the Court of Veterans Appeals summarily affirmed the Board of Veterans Appeals' decision denying Umipig dependency and indemnity compensation benefits. Judgment was entered on February 24, 1995. On June 1, 1995, 97 days after the entry of judgment by the Court of Veterans Appeals, Umipig filed her notice of appeal.
 
 
 3
 An appeal from the Court of Veterans Appeals must be filed within 60 days after the date of entry of the judgment. 38 U.S.C. Sec. 7292(a); 28 U.S.C. Sec. 2107; Fed.R.App.P. 4(a)(1). Because Umipig's notice of appeal was not filed within 60 days, we must dismiss her appeal. See Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely).*
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 (1) The Secretary's motion to waive the requirements of Fed.Cir.R. 27(e) is granted.
 
 
 6
 (2) The Secretary's motion to dismiss is granted.
 
 
 7
 (3) Each side shall bear its own costs.
 
 
 
 *
 The Secretary also challenges the jurisdiction of this court under 38 U.S.C. Sec. 7292, which provides that this court may review only challenges to the validity or interpretation of a statute or regulation, or to the interpretation of a constitutional provision, that the Court of Veterans Appeals relied on in its decision. Because we are dismissing Umipig's appeal for untimeliness, we do not reach this issue