*170
ORDER

LINN, Circuit Judge.
The United States moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Donald R. Holland’s appeal of the judgment in Holland v. United States, No. 01-717C (Fed.Cl. July 24, 2003), as untimely. Holland opposes. The United States replies.
On July 24, 2003, the United States Court of Federal Claims entered its final judgment dismissing Holland’s complaint. The Court of Federal Claims received and filed Holland’s notice of appeal on September 25, 2003, more than 60 days after the date of entry of final judgment. Pursuant to Fed. R.App. P. 4(a)(1)(B), a notice of appeal must be filed within 60 days of entry of the judgment being appealed. It appears that Holland mistakenly believed that he was entitled to an additional three days to file his notice of appeal beyond the statutory 60-day period, relying on Fed. R.App. P. 26(c). However, this provision does not apply to notices of appeal. See Sofarelli Associates, Inc. v. United States, 716 F.2d 1395, 1396 (Fed.Cir.1983) (“Rule 26(c), however, has no application to the 60-day period specified in Rule 4(a)(1), as the latter rule states that the appeal time starts from the entry of the judgment, not from service of the notice of judgment.”). The 60-day time limit is “ ‘mandatory and jurisdictional.’ ” Cf. Browder v. Director, Dept. of Corrections, 434 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960)). Accordingly, Holland’s notice of appeal must have been received by the Court of Federal Claims within 60 days of the date of entry of final judgment, i.e., by September 22, 2003. Because Holland’s notice of appeal was received after that date, this court must dismiss Holland’s appeal as untimely.
Accordingly,
IT IS ORDERED THAT:
(1) The United States’ motion to waive the requirements of Fed. Cir. R. 27(f) is granted.
(2) The United States’ motion to dismiss is granted.
(3) Each side shall bear its own costs.