PER CURIAM.

ORDER

Raymond Marlin responds to the court’s order directing Marlin to show cause why his appeal should not be dismissed as untimely. The United States moves to dismiss the appeal.
Marlin filed a complaint in the United States Court of Federal Claims concerning a tax deficiency and other matters. The Court of Federal Claims dismissed the case for lack of jurisdiction and entered judgment on January 13, 2005. The Court of Federal Claims noted that, concerning the tax deficiency issues, the Tax Court would have jurisdiction. Marlin filed two motions for reconsideration. The second motion was denied on April 13, 2005. On June 7, 2005, Marlin filed his first appeal, 05-5134. This court dismissed that appeal on July 14, 2005 for failure to pay the filing fee.
On August 3, 2005, Marlin filed a second notice of appeal and paid most of the docketing fee. The second notice of appeal was filed beyond the 60-day time limit for seeking review of either the January 13, 2005 judgment or the denials of reconsideration. Fed. R.App. P. 4(a)(1)(B). Marlin argues that we should use the date of filing of his first appeal.* However, because the present notice was untimely filed, we have no jurisdiction and this appeal must be dismissed. See Sofarelli Assoc., Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983).
Accordingly,
IT IS ORDERED THAT:
(1) The appeal is dismissed as untimely filed.
(2) The United States’ motion is moot.
(3) Each side shall bear its own costs.

 Marlin does not argue that his first appeal should be reinstated. Any such request should have been filed within 14 days of the date of dismissal of the first appeal. Fed. Cir. R. 45(a)(1).