**Jose G. APOLLO, Sr., Claimant–Appellant,**

v.

**R. James NICHOLSON, Secretary of Veterans Affairs, Respondent–Appellee.**

No. 06–7005.

United States Court of Appeals,
Federal Circuit.

Dec. 1, 2005.

Jose G. Apollo, Sr., pro se.

# 1002

Before MAYER, LOURIE, and LINN, Circuit Judges.

## ORDER

PER CURIAM.

Upon review of this recently docketed appeal, the court considers whether it should be dismissed as untimely.

On July 15, 2005, the Court of Appeals for Veterans Claims reversed the decision of the Board of Veterans' Appeals in Jose G. Apollo, Sr.'s appeal, case no. 03–1499, and remanded for further proceedings. The court entered judgment on August 10, 2005. On October 12, 2005, or 63 days after the date of entry of judgment, the Court of Appeals for Veterans Claims received Apollo's notice of appeal.

Any appeal of the judgment had to be received by the Court of Appeals for Veterans Claims within 60 days of the date of entry of judgment. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R.App. P. 4(a)(1). We note that Apollo signed and mailed his notice of appeal on October 10, the day it was due to be received by the Court of Appeals for Veterans Claims. The notice of appeal was received two days thereafter. Because Apollo's notice of appeal was untimely filed, we have no jurisdiction and this appeal must be dismissed. *See Sofarelli Assoc., Inc. v. United States,* 716 F.2d 1395 (Fed.Cir.1983).

Accordingly,

IT IS ORDERED THAT:

(1) This appeal is dismissed as untimely.

(2) Each side shall bear its own costs.