**Emick J. PRICE, Sr., Plaintiff,**

**and**

**Murline Price, Plaintiff–Appellant,**

**v.**

**UNIFAB INTERNATIONAL, INC. (doing business as Allen Process Systems), William A. Hines (doing business as Midland Acquisition, Inc. and Midland Fabricators & Process Systems), Bill Downing and Universal Fabricators, Inc., Defendants–Appellees,**

**and**

**Governor Kathleen Babineaux Blanco, John Warner Smith, Louisiana Department of Labor Secretary, and Louisiana Department of Labor, Defendants–Appellees.**

No. 2006–1221.

United States Court of Appeals, Federal Circuit.

May 1, 2006.

Before BRYSON, GAJARSA, and PROST, Circuit Judges.

PER CURIAM.

*ORDER*

Murline Price responds to the court's March 1, 2006 order directing her to show cause why her appeal should not be dismissed for lack of jurisdiction and as untimely.

Price filed a complaint alleging that the State of Louisiana improperly denied her the right to act as her brother's representative in his application for unemployment benefits. The United States District Court for the Western District of Louisiana dismissed Price's claims, determining that Price's claims against Governor Kathleen Babineaux Blanco et al. were barred by the Eleventh Amendment and that Price had failed to state a claim for relief against Unifab International, Inc. et al. *Price v. Unifab Int'l Inc.,* No. 05–CV–1047. The district court entered judgment on November 14, 2005 and denied Price's motion for reconsideration on December 9, 2005. Price filed her notice of appeal on January 17, 2006.

In an appeal from a district court decision, a notice of appeal must be filed within 30 days of entry of the judgment or order that is the subject of the appeal. *See* Fed. R.App. P. 4(a)(1)(A). Because Price filed her notice of appeal 64 days after the entry of judgment and 39 days after the district court's order denying her motion for reconsideration, her appeal is untimely and must be dismissed. *See Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (citation omitted)); *Sofarelli Associates, Inc. v. United States,* 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely).

Price argues that on January 27, 2006, the "District Court formalized my Notice [of appeal] … by approving passage here to this court." However, the district court clerk is required to forward the notice of appeal to the appellate court by Fed. R.App. P. 3(d)(1) and such transmission of the notice of appeal does not affect the untimeliness of Price's appeal.

Furthermore, we note that Price's appeal is not within the jurisdiction of this court. This court's jurisdiction over appeals of district court decisions is limited primarily to cases involving patents and suits against the United States not exceeding $10,000. *See* 28 U.S.C. § 1295(a)(1), (2). Price's appeal does not fall within these categories and is not within the court's jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.