**F & G RESEARCH, INC.,
Plaintiff–Appellee,**

v.

**PATEN WIRELESS TECHNOLOGY, INC. Defendant–Appellant.**

No. 2006–1563.

United States Court of Appeals,
Federal Circuit.

Oct. 4, 2006.

Before LOURIE, Circuit Judge, CLEVENGER, Senior Circuit Judge, and BRYSON, Circuit Judge.

BRYSON, Circuit Judge.

## ORDER

F & G Research, Inc. moves to dismiss Paten Wireless Technology, Inc.'s "amend-

ed" notice of appeal as untimely. Paten opposes. F & G replies. Paten moves to remand to the United States District Court for the Southern District of Florida to allow the district court to act on its Fed.R.Civ.P. 60(b) motion. F & G opposes. Paten replies.

F & G Research filed suit against Paten. Paten did not file an answer and the district court entered a default judgment. *F & G Research, Inc. v. Paten Wireless Tech., Inc.*, No. 06–CV–60292 (S.D. Fla. June 19, 2006). Paten filed in the district court a notice of appeal directed to the Eleventh Circuit on July 19, 2006. Thereafter, on July 28, 2006, Paten filed in the district court an "amended" notice of appeal directed to this court. The July 28 notice of appeal was docketed in this court as 2006–1563.

A notice of appeal must be filed within 30 days after judgment is entered. *See* Fed. R.App. P. 4(a)(1)(A). An appeal not filed within that time must be dismissed. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.' " (citation omitted)); *Sofarelli Associates, Inc. v. United States*, 716 F.2d 1395 (Fed.Cir. 1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely).

F & G argues that the July 28 notice of appeal is untimely because it was filed more than 30 days after the district court entered judgment. Paten contends that the court has jurisdiction because it filed a timely notice of appeal on July 19. However, the notice of appeal before the court in this case was filed nine days late, on July 28. Therefore, it is untimely and must be dismissed.*

Accordingly,

IT IS ORDERED THAT:

(1) F & G's motion to dismiss is granted.

(2) Each side shall bear its own costs.

(3) Paten's motion to remand is denied because this court lacks jurisdiction.

---

* The July 19 notice of appeal was previously forwarded to this court by the district court clerk. However, the appeal should have been directed to the Eleventh Circuit. *See* Fed. R.App. P. 3(d)(1) (district court clerk "must promptly send a copy of the notice of appeal and of the docket entries ... to the clerk of the court of appeals named in the notice").

The court notes that the district court's docket sheet does not indicate that the July 19 notice of appeal has been forwarded to the Eleventh Circuit. If the district court forwards that appeal to the Eleventh Circuit, Paten may request that the Eleventh Circuit transfer the appeal to this court, if appropriate.