Turner MYER, III, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 2007–5042.

United States Court of Appeals,
Federal Circuit.

April 4, 2007.

Turner Myer, III, pro se.

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

*ORDER*

PER CURIAM.

The United States moves to dismiss Turner Myer, III's appeal as untimely. Myer opposes.

The United States Court of Federal Claims' docket sheet reflects that judgment was entered on March 10, 2006 and a motion for relief from the judgment was denied on May 22, 2006. On August 1, 2006, the Court of Federal Claims rejected Myer's July 31, 2006 submission and declined to accept further filings. The docket sheet reflects that Myer filed his notice of appeal on December 27, 2006.

The United States argues that Myer's appeal is untimely because it was not filed within 60 days of the entry of judgment. Myer responds and attaches a copy of a notice of appeal dated April 11, 2006.

An appeal from a judgment of the Court of Federal Claims must be filed within 60 days of entry of judgment. *See* Fed. R.App. P. 4(a)(1)(B). Myer submits a copy

of a notice of appeal dated April 11, 2006. However, the docket sheet of the Court of Federal Claims reflects that the only notice of appeal received by that court was received on December 27, 2006.

Because Myer's notice of appeal was filed on December 27, 2006, 292 days after entry of judgment and 219 days after entry of the order denying his postjudgment motion, this court lacks jurisdiction. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (citation omitted)); *Sofarelli Associates, Inc. v. United States*, 716 F.2d 1395 (Fed.Cir. 1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely). *See also* Fed. R.App. P. 26(b) (appellate courts may not extend the time otherwise permitted for filing a notice of appeal).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.