NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-5097

BOB J. MCADAMS,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 07-CV-164
Senior Judge Lawrence S. Margolis.

ON MOTION

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

ORDER

Bob J. McAdams responds to the court's order directing him to show cause why his appeal should not be dismissed as untimely.

The docket sheet of the United States Court of Federal Claims reflects that judgment was entered on February 1, 2008. McAdams filed a motion for reconsideration on February 13, 2008. The Court of Federal Claims denied the motion for reconsideration on March 27, 2008. The docket sheet reflects that McAdams filed a notice of appeal on June 30, 2008, 95 days after the order denying reconsideration. Because the appeal appeared to be untimely, the court directed McAdams to show cause why it should not be dismissed.

McAdams argues that he filed his notice of appeal in the United States District

Court for the Eastern District of Arkansas on June 25, 2008. However, even if the appeal was filed on June 25, 90 days after entry of the order denying reconsideration, it would still be untimely. McAdams further states that "Pursuant to Rule 13 McAdams was to file his Notice of Appeal to the Tax Court Clerk with in 90 days after entry of the Tax Court's decision. This was done." It is unclear which court's "Rule 13" McAdams cites. To the extent that McAdams argues that the rules of the United States Tax Court govern the time for appealing decisions of the Court of Federal Claims, he is incorrect. Pursuant to 28 U.S.C. § 2522, review of a decision of the Court of Federal Claims is "obtained by filing a notice of appeal with the clerk of the Court of Federal Claims within the time and in the manner prescribed for appeals to United States courts of appeals from the United States district courts." Thus, pursuant to Fed. R. App. P. 4(a)(1)(B), an appeal from a final judgment or order of the Court of Federal Claims must be filed with that court within 60 days of the date of entry of the judgment or order. See 28 U.S.C. § 2522; Fed. R. App. P. 4(a)(1)(B).

In this case, McAdams' notice of appeal was filed 95 days after entry of the Court of Federal Claims' decision denying reconsideration of its judgment. Because McAdams' appeal is untimely, this court lacks jurisdiction and must dismiss the appeal. See Bowles v. Russell, 127 S. Ct. 2360, 2364-66 (2007) (timely filing of notice of appeal is a jurisdictional requirement); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (citation omitted)); Sofarelli Associates, Inc. v. United States, 716 F.2d 1395 (Fed. Cir. 1983) (appeal must be dismissed for lack of jurisdiction where notice of appeal is untimely).

Accordingly,

IT IS ORDERED THAT:

(1)     The appeal is dismissed.

(2)     Each side shall bear its own costs.

FOR THE COURT

**FEB   6 2009**
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

**FILED**
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

FEB 06 2009

JAN HORBALY
CLERK

cc:     Bob J. McAdams
        Christine D. Mason, Esq.

s17