ON MOTION
PER CURIAM.

ORDER

The United States moves to dismiss Michael C. Smart’s appeal as untimely. Smart opposes. The United States moves for leave to file its reply. Smart moves for leave to file a sur-reply.
The United States Court of Federal Claims’ docket sheet reflects that judgment was entered on January 30, 2009. The docket sheet further reflects that Hayes’ notice of appeal was filed on April 6, 2009, or 66 days later.
An appeal from a judgment of the Court of Federal Claims must be filed within 60 days of entry of judgment. See Fed. R.App. P. 4(a)(1)(B). In order to be timely, Smart’s notice of appeal was required to be filed no later than March 31, 2009. Because Smart’s notice of appeal was filed on April 6, 2009, 66 days after entry of judgment, this court lacks jurisdiction. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 2364-66, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal is a jurisdictional requirement); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982) (“It is well settled that the requirement of a timely notice of appeal is ‘mandatory and jurisdictional.’ ” (citation omitted)); Marandola v. United States, 518 F.3d 913, 915 (Fed.Cir.2008) (“A notice of appeal must be received by the deadline, for the Rules require filing with the clerk of court by the due date.”); Sofarelli Associates, Inc. v. *575 United States, 716 F.2d 1395 (Fed.Cir.1983) (appeal must be dismissed for lack of jurisdiction if notice of appeal is untimely).
Accordingly,
IT IS ORDERED THAT:
(1) The motion to dismiss is granted.
(2) The United States’ motion for leave to file the reply is granted.
(3) Smart’s motion for leave to file a sur-reply is granted.
(4) Each side shall bear its own costs.