**Samson J. HYPOLITE, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 2009–5106.**

United States Court of Appeals, Federal Circuit.

Nov. 10, 2009.

Samson J. Hypolite, Riverdale, GA, pro se.

Kenneth S. Kessler, Department of Justice, Washington, DC, for Defendant–Appellee.

Before RADER, CLEVENGER, and DYK, Circuit Judges.

PER CURIAM.

### ORDER

The United States moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss Samson J. Hypolite's appeal as untimely. Hypolite opposes.

Hypolite seeks to appeal the United States Court of Federal Claims' order in *Hypolite v. United States,* case no. 08–110, 2008 WL 4426611. The Court of Federal Claims entered judgment in that case on September 25, 2008. Hypolite did not file his notice of appeal until July 7, 2009, or 285 days later.

The United States argues that Hypolite's appeal is untimely because it was not filed within 60 days of the entry of judgment. The United States argues that in order for Hypolite's notice of appeal to be timely, he was required to be file the appeal no later than November 24, 2008.

An appeal from a judgment of the Court of Federal Claims must be filed within 60 days of entry of judgment. *See* Fed. R.App. P. 4(a)(1)(B). Because Hypolite's filed his notice of appeal on July 7, 2009, 285 days after entry of judgment, this court lacks jurisdiction. *See Bowles v. Russell,* 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (timely filing of notice of appeal is a jurisdictional requirement); An untimely appeal must be dismissed for lack of jurisdiction; the requirement cannot be waived, and is not subject to equitable tolling. *Id. See also Sofarelli Assocs., Inc. v. United States,* 716 F.2d 1395 (Fed.Cir. 1983) (appeal must be dismissed for lack of jurisdiction if notice of appeal is untimely).

Accordingly,

IT IS ORDERED THAT:

(1) The motions are granted.

(2) Each side shall bear its own costs.