ON MOTION
PER CURIAM.

ORDER

Donald L. Jones responds to the court’s order directing him to show cause why his appeal should not be dismissed as untimely. Jones also moves for other various relief. The Secretary of Veterans Affairs moves to dismiss the appeal as untimely and responds to Jones’s motions.
The Court of Appeals for Veterans Claims entered judgment in this case on September 29, 2009. The docket sheet of the Court of Appeals for Veterans Claims indicates that that court received Jones’s notice of appeal on December 17, 2009, or 79 days after entry of judgment.
Any appeal of the judgment had to be received by the Court of Appeals for Veterans Claims within 60 days of the date of entry of judgment. 38 U.S.C. § 7292(a); 28 U.S.C. § 2107(b); Fed. R.App. P. 4(a)(1). Thus, we do not have jurisdiction and this appeal must be dismissed. See Bowles v. Russell, 551 U.S. 205, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007) (the timely filing of a notice of appeal in a civil case is a jurisdictional requirement); Sofarelli Assoc., Inc. v. United States, 716 F.2d 1395 (Fed.Cir.1983).
Accordingly,
IT IS ORDERED THAT:
(1) The motion to dismiss is granted.
*107 (2) All other pending motions are denied.
(3) Each side shall bear its own costs.