NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**VIRGINIA ARLENE GOFORTH,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2013-5150

---

Appeal from the United States Court of Federal Claims in No. 1:13-cv-00175-GWM, Judge George W. Miller.

---

Before RADER, *Chief Judge,* DYK and WALLACH, *Circuit Judges.*

PER CURIAM.

## O R D E R

The parties respond to this court's order to show cause why this appeal should not be dismissed as untimely. Virginia Arlene Goforth asserts the appeal should not be dismissed because she mailed the document in time. The United States responds that the appeal must be dismissed because it was not received by the court within the statutory deadline.

On July 23, 2013, the United States Court of Federal Claims entered judgment in Virginia Arlene Goforth's case. The court received Goforth's appeal on September 26, 2013.

To be timely, a notice of appeal must be received by the Court of Federal Claims within 60 days of the entry of judgment. 28 U.S.C. § 2522; 28 U.S.C. § 2107(b); Fed. R. App. P. 4(a)(1); *see also Sofarelli Associates, Inc. v. U.S.*, 716 F.2d 1395, 1396 (Fed. Cir. 1983). Here, the notice of appeal was due to be received by September 23, 2013.

The statutory deadline for taking an appeal from the United States Court of Federal Claims to this court is jurisdictional and mandatory. *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007); *see also Sofarelli*, 716 F.2d at 1396. We have no authority to create equitable exceptions for untimely notices of appeal. *Bowles*, 551 U.S. at 214. Because Goforth's appeal as to the underlying judgment was filed outside of the statutory deadline for taking an appeal to this court, we must dismiss the appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26