NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

_____

**RONALD M. JORDAN, JR.,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

_____

2022-1986

_____

Petition for review of the Merit Systems Protection Board in No. CB-7121-22-0005-V-1.

_____

Decided: December 8, 2022

_____

RONALD M. JORDAN, JR., Joliet, IL, pro se.

CALVIN M. MORROW, Office of the General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON J. BOYLE, KATHERINE MICHELLE SMITH.

_____

Before LOURIE, DYK, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Former United States Postal Service ("USPS") employee Ronald M. Jordan Jr. filed an appeal to the United States Merit Systems Protection Board ("the Board") from an arbitrator's decision that denied his grievance challenging his removal from his position by the USPS. The Board found that it lacked jurisdiction over Mr. Jordan's appeal. *Jordan v. U.S. Postal Serv.*, MSPB Docket No. CB-7121-22-0005-V-1, Final Order (Apr. 15, 2022); Appx.[1] 1–7. Mr. Jordan then petitioned this court for review. We conclude that the petition for review was untimely filed and dismiss the petition for lack of jurisdiction.

## BACKGROUND

Mr. Jordan was a USPS Support Employee Sales and Distribution Associate who was removed from his position for failure to maintain a regular schedule. Mr. Jordan filed a grievance challenging his removal. After holding a hearing, the arbitrator denied Mr. Jordan's grievance, finding that the USPS had just cause to remove Mr. Jordan. Appx. 10–25. Mr. Jordan filed a request for review by the Board. On April 15, 2022, the Board dismissed Mr. Jordan's request for review of the arbitration decision for lack of jurisdiction. Appx. 2–3. Mr. Jordan then filed a petition for review in this court, which was received on June 21, 2022.

## DISCUSSION

A petition for review of a Board decision must be filed within sixty days after the Board's entry of judgment. *See* 5 U.S.C. § 7703(b)(1)(A) ("Notwithstanding any other provision of law, any petition for review [in the U.S. Court of Appeals for the Federal Circuit] shall be filed within 60 days after the Board issues notice of the final order or decision of the Board."). A petition for review is deemed filed only "when the required papers are received by the clerk of

---

[1] "Appx." refers to the appendix filed concurrently with the government's informal responsive brief.

the court." *Pinat v. Off. of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir. 1991); Fed. R. App. P. 25(a) ("[F]iling may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing.").

Given that the Board's entry of judgment was on April 15, 2022, Mr. Jordan's petition for review was due on June 14, 2022. Mr. Jordan was provided notice of that requirement in the Board's decision. Appx. 6. However, Mr. Jordan's petition was received by this court on June 21, 2022. Respondent's Informal Br. at 5. Mr. Jordan's petition was therefore filed after the jurisdictional filing period specified in § 7703(b)(1)(A).

"[T]he timely filing of a notice of appeal is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.'" (quoting *Browder v. Dir., Dep't of Corr. of Illinois*, 434 U.S. 257, 264 (1978)); *Sofarelli Assocs., Inc. v. United States*, 716 F.2d 1395, 1396–97 (Fed. Cir. 1983). An untimely petition must be dismissed for lack of jurisdiction; the requirement cannot be waived and is not subject to equitable tolling. *Bowles*, 551 U.S. at 214 ("Because this Court has no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate."); *see Int'l Rectifier Corp. v. IXYS Corp.*, 515 F.3d 1353, 1357 (Fed. Cir. 2008) ("In *Bowles*, the Supreme Court emphasized the jurisdictional nature of notices of appeal and held that the jurisdictional rules lack equitable exceptions."). The same rule applies to petitions for review. *See Oja v. Dep't of Army*, 405 F.3d 1349, 1357 (Fed. Cir. 2005).

Mr. Jordan does not address the timeliness of his petition for review in his brief, but rather addresses the merits of the arbitrator's decision. There is therefore no dispute

regarding the untimeliness of Mr. Jordan's petition. As his petition was not timely filed, we lack jurisdiction to review the Board's decision.

CONCLUSION

For the foregoing reasons, the petition is *dismissed*.

## DISMISSED

COSTS

No costs.